IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:16-cr-00051-BR |
| Plaintiff, | ORDER |
| v. | |
| AMMON BUNDY, JON RITZHEIMER, JOSEPH O'SHAUGHNESSY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, SHAWNA COX, PETER SANTILLI, JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, DAVID LEE FRY, JEFF WAYNE BANTA, SANDRA LYNN ANDERSON, KENNETH MEDENBACH, BLAINE COOPER, WESLEY KJAR, COREY LEQUIEU, NEIL WAMPLER, JASON CHARLES BLOMGREN, DARRYL WILLIAM THORN, GEOFFREY STANEK, TRAVIS COX, and ERIC LEE FLORES, | |
| Defendants. | |

BROWN, Judge.

    For the reasons stated on the record at the Status Hearing held March 9, 2016, the Court orders as follows:

1 - ORDER

1.  All motions filed and orders issued in *United States v. Cooper*, 3:16-cr-00064-JO, are deemed a part of to this matter and do not need to be re-filed or re-issued.  All appointments of counsel to represent Defendants made in *United States v. Cooper*, 3:16-cr-00064-JO, are also applicable to this matter.

2.  Because the Defendants in *United States v. Cooper* are now joined as parties in this case, the Court directs the government to file promptly a Motion to Dismiss *United States v. Cooper* without prejudice to these proceedings.

3.  The Court **GRANTS in part** the government's Motion (#245) for Protective Order and finds the government has established good cause exists to issue a protective order on the basis that the government has demonstrated there is a risk of harm and intimidation to some witnesses and other individuals referenced in discovery.  The Court, nonetheless, finds the government's proposed order is overbroad and, therefore, should not be entered on a permanent basis.  Although the Court will enter the government's Proposed Order attached to its Motion on an interim basis in order to facilitate ongoing discovery, the Court directs the parties to confer and to submit to the Court a jointly proposed form of order that is more narrowly tailored to address the risk of harm to and interference with potential witnesses and third parties as a result of public disclosure of discovery materials and that also addresses Defendants' concerns that they

should not be prevented from making disclosures in the same way the government does.  The parties must submit to the Court a proposed form of superseding protective order **no later than March 23, 2016**.

    4.   The Court approves in principle Defendants' employment of a third-party vendor to facilitate the organization and distribution of electronic discovery.  The Court directs defense counsel to propose a specific plan for the Court's review and approval **no later than March 23, 2016**.

    5.   All future motions to review a Defendant's detention status in this matter, including the Motion (#248) to revoke Detention Order filed by David Lee Fry, will be adjudicated by Senior United States District Judge Robert Jones, and should be scheduled before him.

    6.   The Court directs the parties to confer and to submit to the Court **no later than March 23, 2016**, a single, joint status report regarding the parties' specific proposals for the timing and sequencing of pretrial motions.  To the extent possible, the Court encourages the parties to specify the types of motions that the parties intend to file so that the Court may set a reasonable briefing schedule and determine the amount of time to allocate to each motion.  To the extent possible, the parties should sequence the motions so that they are ready for a hearing at an already-scheduled monthly status hearing.

3 - ORDER

7.    The Court directs the parties to confer and to submit to the Court **no later than March 31, 2016**, a single, joint status report containing their proposals regarding the summonsing and selection of a jury.  The Court directs the parties to include in that joint status report their positions regarding whether jurors should remain anonymous to all except the Court and counsel, the size of the jury pool that the Court should summons, the procedures to be followed during voir dire, the number of alternate jurors, the number of peremptory challenges that each party will be allowed, and the process by which the parties will make their peremptory challenges.

IT IS SO ORDERED.

DATED this 9th day of March, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

4 - ORDER