IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    3:16-cr-00051-BR

        Plaintiff,                         ORDER

v.

AMMON BUNDY, JON RITZHEIMER,
JOSEPH O'SHAUGHNESSY, RYAN
PAYNE, RYAN BUNDY, BRIAN
CAVALIER, SHAWNA COX, PETER
SANTILLI, JASON PATRICK,
DUANE LEO EHMER, DYLAN
ANDERSON, SEAN ANDERSON,
DAVID LEE FRY, JEFF WAYNE
BANTA, SANDRA LYNN ANDERSON,
KENNETH MEDENBACH, BLAINE
COOPER, WESLEY KJAR, COREY
LEQUIEU, NEIL WAMPLER, JASON
CHARLES BLOMGREN, DARRYL
WILLIAM THORN, GEOFFREY
STANEK, TRAVIS COX, and ERIC
LEE FLORES,

        Defendants.

**BROWN, Judge.**

On March 22, 2016, the Court conducted a hearing on Defendant Ryan Payne's Unopposed[1] Emergency Motion (#312) for Court Order Prohibiting United States Marshals from Removing Ryan Payne and Listed Defendants from the District of Oregon and on the Court's Interim Order (#313) in which the Court directed the United States Marshal not to execute certain Writs of *Habeas Corpus ad Prosequendum* requiring the United States Marshal to transport such Defendants to the District of Nevada.  In addition to Defendant Ryan Payne, the "Listed Defendants" are Defendants Ammon Bundy, Ryan Bundy, Brian Cavalier, and Blaine Cooper. Defendants Peter Santilli and Joseph O'Shaughnessy are also affected by this Order as noted below.

The Honorable Peggy Leen, United States Magistrate Judge for the District of Nevada, participated in the hearing by video conference on behalf of the District of Nevada District Court. Oregon Assistant United States Attorneys Craig Gabriel and Charles Gorder appeared personally for the government and were assisted by Nevada Assistant United States Attorney Steve Myhre, who appeared by video conference.  Defendant Ryan Bundy appeared personally *pro se* and with his Oregon stand-by counsel of record, and each of the other moving Defendants and Defendant Peter

---

[1] As the record reflects, however, the government filed a Response (#331) on March 21, 2016, indicating its opposition to the merits of the Motion.

Santilli appeared personally and with Oregon counsel of record.[2]
In addition, the Court notes the presence either by telephone or
by videoconference of Defendant Ammon Bundy's Nevada counsel, Dan
Hill; Defendant Ryan Payne's Nevada counsel, Assistant Public
Defenders Shari Kaufman, William Carrico, and Ryan Norwood;
Defendant Joseph O'Shaughnessy's Oregon counsel, Amy Baggio, and
his Nevada counsel, Andrea Luem; and other Nevada defense
counsel, Mace Yampolski, Daniel Hill, Matt Lay, and Angela Dows.

    After a careful review of the parties' written and oral
arguments and for the reasons stated on the record at the
conclusion of the proceedings, the Court makes the following
findings and rulings:

    1.    On the request of the government in an *ex parte*
proceeding, the United States District Court for the District of
Nevada authorized the Writs of *Habeas Corpus ad Prosequendum* at
issue.  Although the moving Defendants assert the Nevada District
Court did not have the power to issue such Writs for Defendants
in the custody of the United States Marshal in Oregon pursuant to
this Court's orders of detention in the Oregon case, the Court is
not aware of any precedent declaring that co-equal United States
District Courts do not have the power to cooperate in the

---

    [2] With the consent of Defendant Blaine Cooper, Federal
Public Defender Lisa Hay, who represents Defendant Ryan Payne,
assisted Cooper in the absence of his regular defense counsel,
Krista Shipsey, who was out of the District at the time of this
hearing scheduled on short notice.

administration of their respective criminal proceedings.  Thus,
to the extent that the moving Defendants object to execution of
the Writs on the basis that the Nevada District Court lacked the
authority to authorize the government's request to issue them,
the Court overrules that objection.

      2.   To the extent that the moving Defendants object to
execution of the Writs on the basis that such execution will
interfere with the proceedings in this Court and with Defendants'
attendant rights to a speedy trial, to due process, and to
effective assistance of counsel, the Court overrules that
objection as premature on the following two premises:  First,
this Court extends equal respect and comity to the District Court
of Nevada in the conduct of its proceedings as this Court expects
to receive in return.  Second, this Court concludes allowing
these Writs to be executed on this single occasion[3] for the
purpose of first appearances in the District of Nevada and for a
prompt return to Oregon within approximately ten (10) days would

---

[3] The Court notes this Order applies to the current Writs
for the explicit purpose of accomplishing Defendants' first
appearances in the District of Nevada and that these rulings are
over the objection of each affected Defendant who reserves the
right to challenge their return to the District of Oregon after
he has appeared in the District of Nevada.  Nevertheless, the
Court relies upon Judge Sheen's forecast that there is not any
legal impediment to Defendants' return to the District of Oregon,
and the Court does not make any finding whatsoever as to whether
any future writs would be treated in a similar fashion.

4 - ORDER

not interfere with this Court's proceedings or with Defendants'
rights in this forum provided that Defendants' transport-and-
return occurs as directed herein.

      3.    To the extent that the moving Defendants object on
the basis that execution of the Writs will interfere with their
rights to a speedy trial, to due process, and to effective
assistance of counsel in the District of Nevada proceedings, that
objection must be addressed to the Nevada District Court, which
has jurisdiction over the Nevada proceedings and how those
proceedings are conducted.

      4.    Finally, to the extent that Defendants object on
the basis that execution of the Writs violates the Consent Decree
cited in Defendants' Motion, the Court concludes the single,
short-term absence of Defendants at the request of the District
of Nevada on these specific Writs does not violate that Decree.

    The Court, therefore, **VACATES** its Interim Order (#313) and
replaces it with the following specific Order:

      1.    The government must provide to this Court and to
the United States Marshal in the District of Oregon the current
Writs of Habeas Corpos *ad Prosequendum* as to Defendants Ryan
Payne, Ammom Bundy, Ryan Bundy, Brian Cavalier, and Blaine
Cooper.  In addition, although Defendant Peter Santilli has been

5 - ORDER

released from pretrial detention as to these Oregon proceedings,

he, nevertheless, remains in custody in Oregon pursuant to an

Order of Detention as to the Nevada proceedings.  The government,

therefore, must also provide to the Court and to the United

States Marshal a similar Writ or other order so that the United

States Marshal may transport Defendant Santilli to and return him

from the District of Nevada together with the moving Defendants

as directed herein.

   2. The United States Marshal must make the necessary

arrangements pursuant to this Order to transport the moving

Defendants and Defendant Santilli on April 13, 2016, from

Portland, Oregon, to Las Vegas, Nevada, for the purpose of their

first appearances in the District of Nevada proceeding as soon

thereafter as is practicable.  No later than April 12, 2016,

Oregon counsel (including stand-by counsel) for these Defendants

must arrange to safeguard Defendants' papers during their absence

from the District of Oregon.

   3. No later than Monday, April 25, 2016,[4] the United

States Marshal must return to the District of Oregon each of

these Defendants and Defendant O'Shaughnessy (if he remains

---

  [4] After the hearing on March 22, 2016, the Court learned the
flight to return Defendants to the District of Oregon could only
be scheduled at the earliest on April 25, 2016, a date this Court
approves even though Defendants will be away for 12 rather than
10 days.

6 - ORDER

detained in the District of Nevada as of the date of the return

transport).

    IT IS SO ORDERED.

    DATED this 22nd day of March, 2016.


                  /s/ Anna J. Brown

                  _____
                  ANNA J. BROWN
                  United States District Judge

7 - ORDER