IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                 3:16-cr-00051-BR

        Plaintiff,                         ORDER

v.

AMMON BUNDY, JON RITZHEIMER,
JOSEPH O'SHAUGHNESSY, RYAN
PAYNE, RYAN BUNDY, BRIAN
CAVALIER, SHAWNA COX, PETER
SANTILLI, JASON PATRICK,
DUANE LEO EHMER, DYLAN
ANDERSON, SEAN ANDERSON,
DAVID LEE FRY, JEFF WAYNE
BANTA, SANDRA LYNN ANDERSON,
KENNETH MEDENBACH, BLAINE
COOPER, WESLEY KJAR, COREY
LEQUIEU, NEIL WAMPLER, JASON
CHARLES BLOMGREN, DARRYL
WILLIAM THORN, GEOFFREY
STANEK, TRAVIS COX, ERIC LEE
FLORES, and JAKE RYAN,

        Defendants.


BROWN, Judge.

    The Court conducted a regular status hearing on April 6, 2016, to address issues the parties raised since the last status

1 - ORDER

hearing on March 9, 2016, and to address case-management issues in general. On the record before the Court and in light of the parties' representations at the April 6, 2016, hearing, the Court makes the following Order:

## TRIAL DATE

At the status hearing the government represented it will be prepared to go to trial at the beginning of September 2016. Although Defendants were previously unanimous in their request that this matter be set for trial as soon as practicable and even as early as April 2016, some Defendants indicated at this hearing that they did not believe they would be prepared to begin trial in September 2016 while others continued to request trial in early September.

In setting the trial date, the Court considers the invocation of speedy-trial rights by multiple Defendants (many of whom remain in custody), the potential undue burden that multiple trials would likely impose on citizen jurors generally and witnesses in particular, and the increased system-wide costs that multiple trials would implicate. Accordingly, until further order, the Court sets a single trial for all Defendants that will begin with jury selection on Wednesday, September 7, 2016.

The Court concludes it is presently premature for any party to seek a later trial date on the basis that there is

insufficient time between now and September 7, 2016, to prepare adequately for trial. As has been the case since the Court's first status hearing with the parties on February 24, 2016, the Court continues to expect experienced defense counsel to share the workload on common defense issues and not to repeat work done by other counsel that can be shared. In the meantime, the Court expects all parties to continue to prepare diligently for the trial and the Court will not consider any motion to continue the trial date filed before July 7, 2016, that is premised on the basis of insufficient time to prepare. Thereafter, any such motion must demonstrate a specific factual basis as to why, despite diligent preparation, the moving party cannot be ready for trial on September 7, 2016.

Accordingly, based on the record as a whole, including the Court's Order (#289) Designating Case as Complex, the Court strikes all previously set dates and finds excludable delay under the Speedy Trial Act through the new trial date of September 7, 2016. See 18 U.S.C. § 3161(h)(7)(A).

The Court directs the parties to provide an update on their progress in making trial preparations and their respective positions regarding the ongoing feasibility of the trial date in the Joint Status Report preceding the June 15, 2016, status hearing.

## JURY PLAN

Within the coming weeks, the Court intends to distribute to the parties for their review and feedback a tentative plan regarding the summonsing and selection of a jury. In the meantime, the Court invites the parties to submit their respective preliminary recommendations in a single, joint letter to the Court **no later than April 27, 2016.**

In addition, **no later than June 15, 2016,** the parties must file a single, joint statement regarding proposed preliminary jury instructions that contains: (1) A neutral statement of the case the Court may use during Jury Selection, (2) proposed jury instructions as to the elements of all charged offenses, and (3) proposed instructions regarding any substantive defensive matters. To the extent that the parties dispute certain proposed language and wish to offer alternative language, counsel should include the proposed alternatives within the single filing in any way that makes the differences obvious together with footnotes concisely stating the reason one version is a more correct statement of the law than another. The Court will conduct a hearing on these proposed preliminary instructions at the July 6, 2016, status hearing.

**MOTIONS PRACTICE**

In their Joint Status Report on Timing and Sequencing of Motions (#336) Defendants stated they anticipate filing the following in the first round of pretrial motions:

    1.   Defendants' Motions to Dismiss the Indictment (Facial Challenges)

    2.   Motion for Bill of Particulars

    3.   Motion to Dismiss for Lack of Jurisdiction

    4.   Motion to Strike Surplusage

    5.   Motion to Dismiss for Speedy Trial Violations

    6.   Motion to Dismiss for Due Process Violations

Because the Court does not intend to submit a charging instrument to the jury, a motion to strike surplusage is not necessary, would be a waste of resources to file and to consider, and, therefore, should not be filed. Moreover, unless and until a Defendant has a factual basis to assert an actual speedy-trial violation, a motion to dismiss on that basis is premature and should not be filed.

The Court directs Defendants to file the remaining motions they specified and any other motions concerning purely legal matters **no later than April 27, 2016.** The government's responses to Defendants' anticipated motions are due **no later than May 11, 2016.** No reply memoranda are permitted. The substance within memoranda in support of the motions and responses **may not exceed**

5 - ORDER

**10 pages** in length unless after a good-cause showing before the motion and/or response is filed the Court grants leave to file a longer memorandum. The Court directs the parties to confer and to contact the Clerk **no later than April 11, 2016,** with proposed dates for the Court to conduct a hearing sometime between May 18, 2016, and May 26, 2016, on these pretrial motions.

In addition to the described purely-legal motions, Defendants represented during the status hearing that it would take considerable additional time to determine whether to file and, if so, to prepare and to support a motion for change of venue.

The Court has considered whether such a motion should be pursued before voir dire, and concludes it should not. "When a trial court is 'unable to seat an impartial jury because of prejudicial pretrial publicity or an inflamed community atmosphere[,] ... due process requires that the trial court grant defendant's motion for a change of venue.'" *Hayes v. Ayers*, 632 F.3d 500, 507-08 (9th Cir. 2011)(quoting *Harris v. Pulley*, 885 F.2d 1354, 1361 (9th Cir. 1988)).

There are "two different types of prejudice in support of a motion to transfer venue: presumed or actual." *United States v. Sherwood*, 98 F.3d 402, 410 (9th Cir. 1996). *See also Hayes*, 632 F.3d at 508. "'A presumption of prejudice' because of adverse press coverage 'attends only the extreme case'" in which a

6 - ORDER

"'barrage of inflammatory publicity immediately prior to trial,' amount[s] to a 'huge . . . wave of public passion'" against Defendants. *Id.* at 508-10 (quoting *Skilling v. United States*, 561 U.S. 358, 381 (2010), and *Patton v. Yount*, 467 U.S. 1025, 1033 (1984)). "Actual prejudice, on the other hand, exists when voir dire reveals that the jury pool harbors 'actual partiality or hostility [against the defendant] that [cannot] be laid aside.'" *Hayes*, 632 F.3d at 508 (quoting *Harris*, 885 F.2d at 1363).

Although in this case there was considerable media coverage of the underlying events that took place in Malheur County in January and February of this year, the Court notes the coverage of those underlying events has since waned. Moreover, more than seven months will have elapsed between the end of those underlying events and the start of trial. Finally, the Court notes the September 7, 2016, trial is set to take place in Portland, Oregon, which is geographically quite remote from the community in which the underlying events took place. Accordingly, it appears to the Court that this case is not the sort of "extreme case" to which any presumption of prejudice might attach.

In any event, the Court concludes it cannot determine until voir dire whether any Defendants have been actually prejudiced by media coverage of this case. *See Hayes*, 632 F.3d at 508. This

7 - ORDER

case will have a robust voir dire process to determine whether any potential jurors have been unduly influenced by media coverage among other issues. *See Hayes*, 632 F.3d at 511 (finding although 42 of 78 "ultimately 'qualified' jurors had some degree of familiarity with the pretrial press coverage, . . . '[p]rominence does not necessarily produce prejudice, and juror impartiality . . . does not require ignorance.'")(quoting *Skilling*, 561 U.S. at 381).

Before conducting that voir dire process, therefore, the Court concludes there is not any way that the Court can determine in fact whether the jury pool may have been sufficiently tainted to require a change of venue. Accordingly, the Court also concludes there does not seem to be any purpose to Defendants devoting time and resources to filing a motion to transfer venue before engaging in and evaluating the voir dire process. In the event Defendants contend the voir dire process demonstrates that the Court cannot seat an impartial jury from the panel of prospective jurors summoned, Defendants may file a motion to change venue at that time.

The Court also directs the parties to confer regarding a schedule for the anticipated second round of pretrial motions and to include in their Joint Status Report due April 28, 2016, their proposals identifying the motions to be filed, their proposed briefing deadlines, and the proposed dates for any necessary

evidentiary hearing(s) and/or for oral argument on the second round of anticipated pretrial motions.

## PENDING MOTIONS

### I. Defendant Ammon Bundy's Memorandum (#365) in Opposition to Signed Protective Order and Motion to Modify

Because Ammon Bundy did not file his Memorandum in Opposition sufficiently in advance of the Court's status hearing,[1] the Court did not address the substance of his Opposition.  The Court directed the government to file its response to Bundy's Opposition **no later than April 13, 2016.**  The Court will then address the matter without oral argument.

### II. Defendants' Motion (#357) for Stay of Order Pending Appellate Review

The Court conducted oral argument on the Motion (#357) for Stay of Order Pending Appellate Review filed by Defendants Ryan Payne, Ammon Bundy, Brian Cavalier, Blaine Cooper, and Ryan Bundy.  In particular, this group of Defendants moves to stay the Court's Order (#334) issued March 22, 2016, in which the Court vacated its Interim Order (#313); directed the United States Marshal to transport those Defendants to the District of Nevada

---

[1] The Court reminds the parties that, unless otherwise directed by the Court, any issues to be addressed at a regular status hearing (including oppositions to other Defendants' positions) must be either included in the parties' Joint Status Report ahead of that hearing or must be filed in a separate motion that is fully briefed by the parties no later than the Thursday before the regular status hearing.

9 - ORDER

on April 13, 2016, for the purpose of conducting their first appearances on charges brought in that court; and directed the United States Marshal to return those Defendants to the District of Oregon no later than April 25, 2016.

The Court considers four factors in determining whether to issue a stay of its Order pending appeal: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009)(quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

In light of the short-term nature of the trip to Nevada, the Court concludes these Defendants have not made a "strong showing" that they are likely to prevail on the merits. *See Nken*, 556 U.S. at 434. The Court also concludes these Defendants' short-term trip to Nevada for the purpose of making their initial appearances in a separate, but similarly complex criminal proceeding in that District, will not cause these Defendants irreparable harm. To the contrary, the short-term trip to Nevada will provide these Defendants with the opportunity to consult with their counsel in Nevada and to be present at hearings to determine what, if any, progress can be made in those proceedings

between now and the conclusion of this case.

Similarly, the Court concludes Defendants' short-term trip to Nevada is in the public interest because it will permit the District of Nevada to have the opportunity to determine what progress can be made in that matter between now and the date that these Defendants become available to the District of Nevada upon conclusion of this case.

In summary, the Court concludes the factors identified in *Nken* weigh against the issuance of a stay of the Court's Order. Accordingly, on this record the Court **DENIES** the Motion (#357) for Stay of Order Pending Appellate Review filed by Defendants Ryan Payne, Ammon Bundy, Brian Cavalier, Blaine Cooper, and Ryan Bundy.

### III. Defendant Medenbach's Motion (#361) for Reconsideration

On April 4, 2016, Defendant Kenneth Medenbach filed a Motion (#361) for Reconsideration of the Court's Order (#298) issued March 11, 2016, in which the Court denied Medenbach's oral Motion to Dismiss for Lack of Subject Matter Jurisdiction. The Court directed the government to file its response **no later than April 13, 2016,** at which time the Court will take the matter under advisement without oral argument.

### DISCOVERY

The Court appointed three defense counsel (Terri Wood,

11 - ORDER

Laurie Shertz, and Robert W. Rainwater) to serve as Defendants' Discovery Committee for the purpose of coordinating the production and distribution of discovery with the government (represented by Assistant United States Attorney Geoffrey A. Barrow) and the Criminal Justice Act Panel Office (CJA Panel Office) within the office of the Federal Public Defender. The Court directs Defendants' Discovery Committee, the government, and the CJA Panel Office to confer regularly regarding the government's production of discovery and the distribution of those materials to the various Defendants.

Beginning April 13, 2016, the Court directs Defendants' Discovery Committee and the government to provide the Court with weekly updates each Wednesday[2] as to the government's progress made in producing discovery to Defendants, the Defendants' respective access to discovery, and any conflicts that the parties have been unable to resolve after full conferral. The requirement of weekly discovery updates remains in effect until the government has certified substantial compliance with its discovery obligations.

The Court also directs Defendants' Discovery Committee, the government, and the CJA Panel Office to address the concerns raised in the Objections of Defendant Jason Charles Blomgren

---

[2] The updates must be in the form of a single, joint letter to the Court.

12 - ORDER

(#343) and Jon Ritzheimer (#350) to the Joint Status Report on Discovery Management (#337). Accordingly, the Court finds those objections to be moot at this time, but with leave to renew if the issues are not resolved.

## MISCELLANEOUS

The Court directs the government through Assistant United States Attorney Geoffrey A. Barrow to continue his efforts to assist Amy Baggio, attorney for Defendant Joseph O'Shaughnessy, in establishing consistent communication with her client who has been in custody in the District of Nevada.

In addition, Defendants Ryan Bundy and Medenbach, who are both representing themselves *pro se* with the assistance of standby counsel, advised the Court at the status hearing of their concerns regarding their access to discovery and legal materials while in custody. The Court reminds both of the Defendants that this issue is one of the challenges that they accepted when asserting their right to self-representation, and they must rely on standby counsel to facilitate their access and communication issues. The Court notes Ryan Bundy at the hearing stated that he plans to file a formal motion regarding his access to discovery and legal materials. Accordingly, the Court will address this issue for both Medenbach and Bundy in due course after the filing of such motion.

13 - ORDER

### REGULAR MAY STATUS HEARING

The next status hearing is scheduled for **Wednesday, May 4, 2016.** Any Defendant who wishes to waive his or her appearance at that hearing must file a signed waiver of appearance **no later than April 21, 2016.** The parties' Joint Status Report ahead of that hearing is due **no later than Thursday, April 28, 2016.**

IT IS SO ORDERED.

DATED this 11th day of April, 2016.

*/s/ Anna J. Brown*
ANNA J. BROWN
United States District Judge

14 - ORDER