IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

       Plaintiff,

v.

AMMON BUNDY, JON RITZHEIMER,
JOSEPH O'SHAUGHNESSY, RYAN
PAYNE, RYAN BUNDY, BRIAN
CAVALIER, SHAWNA COX, PETER
SANTILLI, JASON PATRICK,
DUANE LEO EHMER, DYLAN
ANDERSON, SEAN ANDERSON,
DAVID LEE FRY, JEFF WAYNE
BANTA, SANDRA LYNN ANDERSON,
KENNETH MEDENBACH, BLAINE
COOPER, WESLEY KJAR, COREY
LEQUIEU, NEIL WAMPLER, JASON
CHARLES BLOMGREN, DARRYL
WILLIAM THORN, GEOFFREY
STANEK, TRAVIS COX, ERIC LEE
FLORES, and JAKE RYAN,

       Defendants.

3:16-cr-00051-BR

ORDER DIRECTING CLERK TO
ISSUE JURY SUMMONSES

BROWN, Judge.

This matter comes before the Court on Defendants' Memorandum
(#547) in Support of Issuing Summons to Jurors from the Entire

1 - ORDER DIRECTING CLERK TO ISSUE JURY SUMMONSES

District of Oregon and the government's Response (#591) to
Defendants' Memorandum.  At issue in the parties' Memoranda is
from which "Jury Management Division(s)" designated in the
Court's "Juror Management Plan" adopted February 2, 2015, the
Clerk will summons petit jurors to participate in the jury
selection and trial proceedings to begin in this matter on
September 7, 2016.

For the reasons that follow, the Court directs the Clerk to
issue jury summonses as soon as practicable to 1,500 potential
petit jurors drawn proportionally from the existing Qualified
Wheels for each of the four Jury Management Divisions for the
District of Oregon.

## DISCUSSION

Section 1.07 of the Juror Management Plan provides that
"Jurors will be selected for service from a single division or
from any combination of divisions as the Chief Judge[1] may from
time to time direct."  Section 1.04 of the Juror Management Plan,
consistent with 28 U.S.C. § 1861, states the policy on which the
Plan is based as follows:  "It is the policy of the Court that
all litigants in this Court, entitled to trial by jury, shall

---

[1] By his Order (#421), Chief Judge Michael W. Mosman has for
purposes of this proceeding delegated to the undersigned judicial
officer all authority granted to the Chief Judge under the Juror
Management Plan.

2 – ORDER DIRECTING CLERK TO ISSUE JURY SUMMONSES

have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the Court convenes . . . ."  The Court notes the Juror Management Plan does not expressly provide a procedure by which the Court is to draw petit jurors from multiple divisions, but when the Court empanels a grand jury composed of jurors from multiple divisions or the entire district, the Plan provides the Clerk is to draw such grand jurors "at random from the qualified wheel of each division . . . in the same ratio that the number of registered voters in each division bears to the total number of registered voters in the combined or in the district."  Juror Management Plan § 4.07(b).

By letter dated April 27, 2016, Defendants noted the events on which the Superseding Indictment is based are alleged to have occurred within Harney County, Oregon, which is within the Pendleton Jury Management Division as defined in the Juror Management Plan.  Although Defendants presumed "the only reason the defendants were brought to Portland for trial was for logistical reasons of ensuring facilities and resources adequate for a trial of this size and magnitude," the Court notes that the recently filed Declaration (#538) of Jury Administrator explained the various Indictments in this matter were returned in Portland by grand jurors proportionally and randomly drawn from the combined Portland and Pendleton Divisions (the so-called

3 - ORDER DIRECTING CLERK TO ISSUE JURY SUMMONSES

"Northern" Jury Management Division).

Defendants collectively argued in their letter that summonses should be issued to "prospective jurors from the entire District of Oregon" in order to "ensure the defendants are afforded their Sixth Amendment and statutory right to juries that represent a fair a cross-section of the community."  In their Memorandum (#547) in Support of Issuing Summons to Jurors from the Entire District of Oregon, the majority of Defendants further contended the Court should draw an equal number of prospective jurors from each Division.  Some Defendants, however, contend this Court should issue summonses only to prospective jurors in the Pendleton Division, and only summons jurors from other Divisions in the event that there are an insufficient number of qualified jurors in the Pendleton Division.

The government, on the other hand, contends "[c]onsistent with district practice, and because of the absence of any controlling legal authority to the contrary, it is the government's position that jurors outside of the Portland Division should not be drawn."  The government also argues that drawing jurors from outside the Portland Division will impart an unreasonable burden on those jurors drawn from remote locations. Although the Court agrees summonsing potential jurors from areas distant from the Portland courthouse may impart a hardship on some such jurors, the determination of whether a juror may be

excused for hardship will be made on an individual basis during the juror summonsing and selection process.

"A petit jury may be drawn constitutionally from only one division and not the whole district." *United States v. Herbert*, 698 F.2d 981, 984 (9th Cir. 1983). "[A] judge may hold a trial anywhere in a district at his or her discretion," and the "use of separate divisional jury wheels are by themselves permissible." *United States v. Etsitty*, 130 F.3d 420, 425 (9th Cir. 1997). Nonetheless, 28 U.S.C. § 1861 permits a district court to draw a jury from a "fair cross section of the community in the district or division wherein the court convenes."

This case presents several challenges that affect the summonsing and selection of a jury, including a trial that is expected to last up to three months and perhaps longer, consistent discussion of the case in the media, and strong, opposing opinions in some quarters about the underlying facts. The Court notes these proceedings "convened" in the Mark O. Hatfield United States Courthouse in the Portland Division both because the grand jurors from the combined Portland and Pendleton Divisions returned the three Indictments in the Hatfield Courthouse and because the randomly-assigned judicial officer presiding in this matter is assigned to that courthouse. In addition, the Mark O. Hatfield Courthouse in the Portland Division is the only federal courthouse in the District with the

capability to accommodate the extraordinary logistical demands involved in this case, including the fact that all but three of the participating counsel have offices in the Portland Division and the United States Marshal's Office has most of its deputies and Court Security Officers assigned to the Portland Division.

But the fact the proceedings have "convened" in the Portland Division does not necessarily require that the petit jurors for this trial be drawn only from the Portland Division.  In the exercise of its discretion under § 1.04 of the Juror Management Plan, the Court concludes drawing potential jurors from the entire District of Oregon will ensure the Court can both summons a sufficient number of jurors and provide the fairest "cross section of the community" in which the Court convenes and the underlying events took place.  *See* 28 U.S.C. § 1861.

The Court, however, declines to draw potential jurors equally from the Court's four Divisions because doing so would result in certain portions of the District of Oregon being substantially over-represented in the jury pool, and, as a result, would undermine selecting a jury from a fair cross section of the community.  Moreover, drawing a petit jury from the entire District on a proportional basis from each of the Jury Management Divisions within the District is consistent with the policy of drawing grand jurors for multi-divisional grand juries on a proportional basis.  Juror Management Plan § 4.07(b).

6 - ORDER DIRECTING CLERK TO ISSUE JURY SUMMONSES

Accordingly, for these reasons the Court directs the Clerk to issue jury summonses as soon as practicable to summons 1,500 potential petit jurors[2] drawn proportionally from the existing Qualified Wheels for each of the four Jury Management Divisions for the District of Oregon.

IT IS SO ORDERED.

DATED this 24th day of May, 2016.

_____
ANNA J. BROWN
United States District Judge

---

[2] The parties previously agreed an initial jury pool of 1,500 prospective jurors would be sufficient.

7 - ORDER DIRECTING CLERK TO ISSUE JURY SUMMONSES