IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,          3:16-cr-00051-BR

       Plaintiff,            ORDER REGARDING
                            DEFENDANTS' MOTIONS TO
v.                     DISMISS COUNT ONE FOR
                            VAGUENESS AND
AMMON BUNDY, JON RITZHEIMER,  OVERBREADTH
JOSEPH O'SHAUGHNESSY, RYAN
PAYNE, RYAN BUNDY, BRIAN
CAVALIER, SHAWNA COX, PETER
SANTILLI, JASON PATRICK,
DUANE LEO EHMER, DYLAN
ANDERSON, SEAN ANDERSON,
DAVID LEE FRY, JEFF WAYNE
BANTA, SANDRA LYNN ANDERSON,
KENNETH MEDENBACH, BLAINE
COOPER, WESLEY KJAR, COREY
LEQUIEU, NEIL WAMPLER, JASON
CHARLES BLOMGREN, DARRYL
WILLIAM THORN, GEOFFREY
STANEK, TRAVIS COX, ERIC LEE
FLORES, and JAKE RYAN,

       Defendants.


BROWN, Judge.

    This matter comes before the Court on all Defendants' Motion

(#471) to Dismiss Count One for Vagueness, Defendant Peter

Santilli's Motion (#477) to Dismiss Count One for Vagueness, and all Defendants' Motion (#474) to Dismiss Count One as Overbroad. For the reasons that follow, the Court **DENIES** Defendants' Motions.

## BACKGROUND

In Count One of the Superseding Indictment (#282) all Defendants are charged with Conspiracy to Impede Officers of the United States under 18 U.S.C. § 372.  That statute provides:

> If two or more persons in any State, Territory, Possession, or District conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof, or to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties, each of such persons shall be fined under this title or imprisoned not more than six years, or both.

The Superseding Indictment specifically charges Defendants with preventing by "force, intimidation, and threats" officers and employees of the United States Fish and Wildlife Service and the Bureau of Land Management from discharging the duties of their office at the Malheur National Wildlife Refuge (MNWR) and other locations in Harney County, Oregon.

2 - ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS COUNT ONE FOR VAGUENESS AND OVERBREADTH

**ALL DEFENDANTS' MOTION (#477) TO DISMISS COUNT ONE
FOR VAGUENESS AND DEFENDANT PETER SANTILLI'S MOTION (#477)
TO DISMISS COUNT ONE FOR VAGUENESS**

As noted, all Defendants move to dismiss Count One on the
basis that § 372 is unconstitutionally vague on its face.[1]
Santilli also moves to dismiss Count One on the basis that § 372
is unconstitutionally vague specifically as applied to him.

## I.   Vagueness Standard

"'A criminal statute is void for vagueness if it is not
sufficiently clear to provide guidance to citizens concerning how
they can avoid violating it and to provide authorities with
principles governing enforcement.'" *United States v. Harris*, 705
F.3d 929, 932 (9th Cir. 2012).  "In a facial challenge, a statute
is unconstitutionally vague if it 'fails to provide a person of
ordinary intelligence fair notice of what is prohibited, or is so
standardless that it authorizes or encourages seriously
discriminatory enforcement.'" *Harris*, 705 F.3d at 932 (quoting
*United States v. Kilbride*, 584 F.3d 1240, 1257 (9th Cir. 2009)).
"In an as-applied challenge, a statute is unconstitutionally
vague if it 'fail[s] to put a defendant on notice that his
conduct was criminal.'" *Harris*, 705 F.3d at 932 (quoting
*Kilbride*, 584 F.3d at 1257 ).

_____

[1] Defendants' Motion (#471) to Dismiss Count One as
Unconstitutionally Vague was filed by Defendant Joseph
O'Shaughnessy and is joined by all Defendants.

3 - ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS COUNT ONE FOR
    VAGUENESS AND OVERBREADTH

"When a statute 'clearly implicates free speech rights,' it will survive a facial challenge so long as 'it is clear what the statute proscribes in the vast majority of its intended applications.'" *Humanitarian Law Project v. United States Treasury Dep't*, 578 F.3d 1133, 1146 (9th Cir. 2009)(quoting *Cal. Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1149, 1151 (9th Cir. 2001)).  "The touchstone of a facial vagueness challenge in the First Amendment context, however, is not whether some amount of legitimate speech will be chilled; it is whether a substantial amount of legitimate speech will be chilled." *Cal. Teachers Ass'n*, 271 F.3d at 1152.  "To trigger heightened vagueness scrutiny, it is sufficient that the challenged statute regulates and potentially chills speech which, in the absence of any regulation, receives some First Amendment protection." *Id.* at 1150.

"Outside the First Amendment context, a plaintiff alleging facial vagueness must show that 'the enactment is impermissibly vague in all its applications.'" *Humanitarian Law Project*, 578 F.3d at 1146.

## II.  <u>All Defendants' Motion (#471) to Dismiss Count One</u>

Defendants contend § 372 is vague on its face because it implicates protected First and Second Amendment rights and does not provide meaningful guidance as to the conduct that encompasses "force, intimidation, or threat."  In particular,

Defendants rely on *Chaffee v. Roger*, 311 F. Supp. 2d 962 (D. Nev. 2004), in which the District of Nevada concluded Nevada Revised Statute § 199.300(1)(b) was most likely unconstitutionally vague. That statute prohibited

> directly or indirectly, address[ing] any threat or intimidation to a public officer, public employee, juror, referee, arbitrator, appraiser, assessor or any person authorized by law to hear or determine any controversy or matter, with the intent to induce him, contrary to his duty to do, make, omit or delay any act, decision or determination.

The District of Nevada concluded § 199.300(1)(b) "appears to be vague" because the lack of a further definition of "threat" made it "doubtful that the law provides persons of ordinary intelligence a reasonable opportunity to understand the conduct proscribed" and the "prohibition of threats and intimidations meant to induce a public official's noncompliance with his duties potentially covers a host of constitutionally protected conduct." *Chaffee*, 311 F. Supp. 2d at 967-68. The *Chaffee* court opined such a statute could criminalize threats of legitimate, lawful action like threatening to oppose the district attorney in an upcoming election. *Id.* at 968.

Defendants contend § 372 is indistinguishable from the Nevada statute at issue in *Chaffee* because the terms "force, intimidation, or threat" are similarly undefined and speech protected by the First Amendment is within the scope of those terms including speech criticizing the government and threats to

5 - ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS COUNT ONE FOR VAGUENESS AND OVERBREADTH

take legitimate, lawful action.  Similarly, Defendants contend
Congress' failure to define "federal officer" or "official
duties" in § 372 renders the statute unconstitutionally vague.
Accordingly, Defendants contend § 372 fails to provide sufficient
notice of the conduct prohibited; is susceptible to arbitrary
enforcement; and, therefore, is vague on its face and as applied
to Defendants.

The government, on the other hand, contends § 372 is not
impermissibly vague because the words "force, intimidation, or
threat"; "officer"; and "official duties" are readily understood.
The government points out that the Ninth Circuit has previously
rejected an as-applied vagueness challenge to § 372.  *See United
States v. Fulbright*, 105 F.3d 443, 452 (9th Cir. 1997), *overruled
on other grounds by United States v. Heredia*, 483 F.3d 913, 921
(9th Cir. 2007).

At the outset the Court must determine whether § 372
"regulates and potentially chills speech which, in the absence of
any regulation, receives some First Amendment protection." *Cal.
Teachers Ass'n*, 271 F.3d at 1150.  The action prohibited by § 372
is conspiring to prevent a federal officer from discharging his
or her official duties by force, intimidation, or threat.

"The right to speak, whether anonymously or otherwise, is
not unlimited . . . and the degree of scrutiny varies depending
on the circumstances and the type of speech at issue." *In re*

6 – ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS COUNT ONE FOR
      VAGUENESS AND OVERBREADTH

*Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011). Although "threat statutes 'must be interpreted with the commands of the First Amendment clearly in mind,'" there is "no doubt that true threats [can] be criminalized because they are not protected speech." *United States v. Hanna*, 293 F.3d 1080, 1084 (9th Cir. 2002). "A statement is a 'true threat' if 'a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault.'" *United States v. Stewart*, 420 F.3d 1007, 1016-17 (9th Cir. 2005). A threat is a "true threat," however, only when "'the speaker subjectively intended the speech as a threat.'" *Id.* at 1017 (quoting *United States v. Cassel*, 408 F.3d 622, 631 (9th Cir. 2005)). Moreover, "[b]lackmail and extortion – the threat that the speaker will say or do something unpleasant unless you take, or refrain from taking, certain actions - are not constitutionally protected." *Planned Parenthood of Columbia/Willamette v. American Coalition of Life Activists*, 244 F.3d 1007, 1015 n.8 (9th Cir. 2001).

Section 372 does not regulate or chill speech otherwise protected by the First Amendment. Indeed, § 372 is a conspiracy statute that, by its nature, requires an intent to prevent a federal officer from discharging his or her duties by force, threat, or intimidation. *See* Ninth Circuit Model Jury Instructions § 8.20 (2010)("A conspiracy is a kind of criminal

partnership — an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.").[2]  Accordingly, in order to run afoul of § 372 an individual must intend to agree with another person to prevent a federal official from discharging his or her official duties by force, intimidation, or threat.

The mere fact that § 372 does not, by its terms, limit its scope to "true threats" does not chill or encompass within its scope speech or expression protected by the First Amendment because courts narrowly construe "threat" statutes to be limited to "true threats."  *See, e.g.*, *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007)("Defendant argues that § 875(c) is void for vagueness because the statute itself neither requires specific intent nor defines true threats.  However, rather than making the statute void for vagueness, the narrowing construction provided by the relevant cases actually alleviates possible

---

[2] Although § 372 is a standalone crime of conspiracy that does not have any separate, non-conspiracy underlying offense, the ordinary principles regarding the intent necessary to be convicted of a conspiracy offense nonetheless apply to § 372. *See Fulbright*, 105 F.3d at 448 ("The jury could reasonably infer from the defendants' concerted action that 'all the parties [were] working together understandingly, with a single design for the accomplishment of a common purpose.'")(quoting *United States v. Cloud*, 872 F.2d 846, 852 (9th Cir. 1989)).

void-for-vagueness concerns.").[3]  Accordingly, the Court
concludes § 372 is not subject to enhanced scrutiny because it
regulates or potentially chills expression protected by the First
Amendment.

In any event, regardless whether § 372 is subject to
enhanced scrutiny, the Court concludes § 372 is not vague.  Read
as a whole, the conduct that is proscribed by § 372 (*i.e.,*
agreeing to prevent a federal official from discharging his or
her official duties by force, intimidation, or threat) is
sufficiently well-defined to be understandable by individuals of
common intelligence and provides a sufficiently clear standard
for enforcement.  Moreover, the concern expressed by Defendants
and the *Chaffee* court that § 372 could apply to legitimate
threats to take lawful action are unavailing in the context of
§ 372 because the Ninth Circuit made clear in *Fulbright* that only
the illegitimate nature of a threat brings it within the scope of
§ 372.  *See Fulbright*, 105 F.3d at 452 ("[Defendant] claims that
the 'mere filing of an official document (UCC forms) or the
filing of a lawsuit can constitute 'force' or 'threat' or
'intimidation' within the meaning of the statute.'  However, it
is the nature of these documents, not the simple act of filing

---

[3] The Court notes Defendants may contend at trial that their
conduct was protected by the First Amendment and that they,
therefore, did not violate § 372.

9 - ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS COUNT ONE FOR
      VAGUENESS AND OVERBREADTH

them, that brings them within the statutes' purview.  Filing a
*false* UCC form, or issuing an *illegitimate* arrest warrant is
prohibited — the statutes are not impermissibly vague as
applied.")(emphasis in original).  Accordingly, on this record
the Court concludes § 372 is not facially void for vagueness.

Defendants' as-applied challenge is similarly without merit.
Defendants contend § 372 is unconstitutionally vague as applied
to them because they were not provided notice that their conduct
was illegal when they carried firearms at previous rallies and
protests[4] and they are being subjected to arbitrary enforcement
because many similarly-situated individuals are not being
prosecuted.  Defendants, however, misunderstand the nature of an
as-applied vagueness challenge.  As noted, "[i]n an as-applied
challenge, a statute is unconstitutionally vague if it 'fail[s]
to put a defendant on notice that his conduct was criminal.'"
*Harris*, 705 F.3d at 932 (quoting *Kilbride*, 584 F.3d at 1257 ).
The focus of the inquiry, therefore, is on the statute rather
than whether these Defendants had *actual* notice that their
conduct was allegedly prohibited or whether other individuals who
Defendants believe were similarly situated were ultimately
charged.

On this record the Court concludes § 372 is neither vague on

---

[4] The Court notes the mere possession of a firearm at a
protest does not violate § 372.

its face nor as applied to Defendants, and, therefore, the Court denies Defendants' Motion (#471) to Dismiss Count One.

## II.   **Defendant Peter Santilli's Motion to Dismiss Count One for Vagueness**

Defendant Santilli contends § 372 is unconstitutionally vague as applied to him because Santilli's actions in Burns, Oregon, and at the MNWR were pure speech and Santilli never armed himself, patrolled the MNWR, or "occupied" the MNWR.  Santilli asserts his conduct in relation to the underlying events was simply "to report and broadcast the actions of others," and, therefore, Santilli contends he was not put on notice that his conduct could violate § 372.  Moreover, Santilli contends other similarly-situated journalists are not being prosecuted, and, therefore, his prosecution under § 372 amounts to "viewpoint discrimination" that is impermissible under the First Amendment.

Santilli's Motion, however, is dependent on disputed issues of fact that can only be resolved at trial and does not turn on whether the statute is unconstitutionally vague.  As noted, the breadth of § 372 is capable of determination, and the statute does not and cannot criminalize conduct that is protected by the First Amendment.  Thus, whether Santilli's conduct in relation to the MNWR falls within the scope of § 372 or is conduct protected by the First Amendment is an issue to be resolved at trial.

Accordingly, the Court concludes § 372 is not vague as

11 - ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS COUNT ONE FOR VAGUENESS AND OVERBREADTH

applied to Santilli.


**DEFENDANTS' MOTION (#474) TO DISMISS COUNT ONE AS OVERBROAD**

Defendants move to dismiss Count One on the basis that § 372 is unconstitutionally overbroad because it criminalizes speech and assembly protected by the First Amendment.[5]

**I.    Overbreadth Standard**

"Under the doctrine of First Amendment overbreadth, a litigant may mount a facial attack on a statute that restricts protected speech even if the litigant's own speech is unprotected." *Turney v. Pugh*, 400 F.3d 1197, 1200 (9th Cir. 2005).  "The overbreadth must be substantial in order for the statute to be invalidated on its face; the fact that a court may conceive of a single impermissible application is insufficient to justify striking down the law." *Id.  See also United States v. Stevens*, 559 U.S. 460, 472 (2010)("[A] law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'")(quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 n.6 (2008)).

---

[5] Defendants' Motion (#474) to Dismiss Count One as Overbroad was filed by Defendant Jake Ryan and is joined by all Defendants.

12 - ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS COUNT ONE FOR VAGUENESS AND OVERBREADTH

## II.  **Analysis**

Defendants contend § 372 is overbroad because § 372 does not make a distinction between "true threats" and statements that are otherwise protected by the First Amendment and because "intimidation" is a broad term that can include the subjective feeling of being intimidated[6] even when there is not any attempt to intimidate the individual.

As noted, the lack of distinction in the statutory language between threats and "true threats" does not render § 372 unconstitutional because courts routinely construe criminal threat statutes to only apply to true threats.  *See Sutcliffe*, 505 F.3d at 953.  Moreover, by its terms § 372 cannot apply to mere criticism of government officials or to circumstances in which an official feels incidentally intimidated or threatened because the conspiracy element of § 372 requires that an individual have the intent to prevent the officer from discharging his or her duties and to accomplish that objective by using force, intimidation, or threats.  Accordingly, Defendants have not demonstrated a "substantial number" of § 372 "applications are unconstitutional."  *See Stevens*, 559 U.S. at 472.

---

[6] At oral argument, for example, defense counsel referenced the feeling of being intimidated by standing up in a crowded courtroom.

13 - ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS COUNT ONE FOR
      VAGUENESS AND OVERBREADTH

On this record, therefore, the Court concludes § 372 is not unconstitutionally overbroad.

## **CONCLUSION**

For these reasons, the Court **DENIES** all Defendants' Motion (#471) to Dismiss Count One for Vagueness, Defendant Peter Santilli's Motion (#477) to Dismiss Count One for Vagueness, and all Defendants' Motion (#474) to Dismiss Count One as Overbroad.

IT IS SO ORDERED.

DATED this 3rd day of June, 2016.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge