IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:16-cr-00051-BR |
| Plaintiff, | ORDER DENYING MOTIONS (#712, #741) TO SUPPRESS FACEBOOK EVIDENCE |
| v. | |
| AMMON BUNDY, JON RITZHEIMER, JOSEPH O'SHAUGHNESSY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, SHAWNA COX, PETER SANTILLI, JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, DAVID LEE FRY, JEFF WAYNE BANTA, SANDRA LYNN ANDERSON, KENNETH MEDENBACH, BLAINE COOPER, WESLEY KJAR, COREY LEQUIEU, NEIL WAMPLER, JASON CHARLES BLOMGREN, DARRYL WILLIAM THORN, GEOFFREY STANEK, TRAVIS COX, ERIC LEE FLORES, and JAKE RYAN, | |
| Defendants. | |

1 - ORDER DENYING MOTIONS (#712, #741) TO SUPPRESS FACEBOOK EVIDENCE

**BROWN, Judge.**

This matter comes before the Court on the Motion (#712) to Suppress Facebook Evidence filed by Defendant Ryan Payne[1] and the Motion (#741) to Suppress Evidence (Facebook Accounts) filed by Defendant David Lee Fry.  The following Defendants join in these Motions:  Ammon Bundy, Jon Ritzheimer, Joseph O'Shaughnessy, Ryan Bundy, Shawna Cox, Peter Santilli, Jason Patrick, Sean Anderson, Sandra Anderson, David Lee Fry, Travis Cox, and Darryl Thorn (collectively referred to herein as Defendants).

The Court heard oral argument on July 18, 2016, and the Court received into evidence for purposes of these Motions Defendants' Exhibits D through H in addition to the materials filed with Defendants' Motion.[2]

For the reasons that follow, the Court **DENIES** the Motion (#712) to Suppress Facebook Evidence filed by Defendant Ryan Payne and the Motion (#741) to Suppress Evidence (Facebook Accounts) filed by Defendant David Lee Fry.

---

[1] Although Payne entered a guilty plea on July 19, 2016, and Travis Cox pled guilty on July 20, 2016, and, therefore, this Motion is moot as to them, the Motion is ripe as to those Defendants who remain in this case.  Accordingly, Per Olson counsel for Defendant David Lee Fry, argued this Motion at oral argument on July 18, 2016, on behalf of the remaining Defendants.

[2] The Court directs the Clerk to return Defendants' Exhibits D through H to counsel for David Lee Fry to maintain through any appeal of this matter.

2 - ORDER DENYING MOTIONS (#712, #741) TO SUPPRESS FACEBOOK
    EVIDENCE

## BACKGROUND

On April 8, 2016, Magistrate Judge Paul Papak of the United States District Court for the District of Oregon issued a search-and-seizure Warrant for Facebook accounts that were associated with Defendants. The Warrant authorized the search of Defendants' Facebook accounts for information that constitutes evidence of a violation of 18 U.S.C. § 372 in connection with Defendants' activities at the Malheur National Wildlife Refuge in January and February 2016. The accounts to be searched were stored at premises owned, maintained, controlled, or operated by Facebook (a company headquartered in Menlo Park, California) in the Northern District of California. In particular, the Warrant permitted the search and seizure of information pertaining to:

   a.  Records, including photographs, comments, videos, and other postings, of or about individuals illegally occupying the Malheur National Wildlife Refuge (MNWR), the planning and preparation of that occupation, and requests for support or assistance and the recruitment of others in furtherance of the occupation of the MNWR.

   b.  Records, including photographs and videos or the sharing of any photographs and videos, of individuals in possession of firearms or with others in possession of firearms, while at the MNWR or in Harney County, Oregon.

   c.  Records of communications, including private messages, with other coconspirators.

   d.  Evidence indicating how and when the Facebook account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Facebook account owner.

3 - ORDER DENYING MOTIONS (#712, #741) TO SUPPRESS FACEBOOK
    EVIDENCE

      e.    Records relating to who created, used, or communicated with the user ID, including records about their identities and whereabouts.

      f.    Evidence indicating the Facebook account owner's or user's state of mind as it relates to the crimes under investigation.

      g.    The identity of the person(s) who communicated with the user ID about matters relating to the armed occupation of MNWR, including records that help reveal their whereabouts.

The Warrant limited the search to information during the period November 1, 2015, through Defendant-specific dates in late-January 2016 to mid-February 2016.

The Warrant also directed law enforcement to conduct an initial review of the information that Facebook produced in order to separate the information into two categories: information responsive to the Warrant and information that was not responsive to the Warrant. Although the Warrant specifically authorized the government to use responsive information in the same manner as any other seized evidence, the Warrant required the government to seal and to store nonresponsive information in a secure location and not to review that information again without further order of the Court.

## DISCUSSION

### I. Motion (#712) to Suppress Facebook Evidence

In their Motion (#712) to Suppress Facebook Evidence

Defendants contend the Warrant was void *ab initio* because the Magistrate Judge in the District of Oregon did not have jurisdiction to authorize a search to be executed on property located in the Northern District of California.  Defendants rely on Federal Rule of Criminal Procedure 41(b), which, subject to certain exceptions, provides a magistrate judge has the authority to "issue a warrant to search for and seize a person or property located within the district."  Fed. R. Crim. P. 41(b)(1).

As the government emphasizes, however, the Magistrate Judge in this case issued the Warrant pursuant to 18 U.S.C. § 2703. Section 2703(a) provides:

> A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction.

Section 2703(b) and (c) similarly authorize "a court of competent jurisdiction" to issue warrants to search and to seize electronic communications and remote computing services.  "Court of competent jurisdiction," in turn, is defined to include "any district court of the United States (including a magistrate judge of such a court) or any United States court of appeals that . . . has jurisdiction over the offense being investigated."  18 U.S.C.

5 - ORDER DENYING MOTIONS (#712, #741) TO SUPPRESS FACEBOOK EVIDENCE

§ 2711(3)(A)(I).

Although Defendants concede the Warrant was issued pursuant to § 2703, they, nevertheless, assert the territorial limitations of Rule 41(b) apply because § 2703 does not expressly override Rule 41. According to the terms of Rule 41(a)(1), however, "[t]his rule does not modify any statute regulating search or seizure, or the issuance and execution of a search warrant in special circumstances." The territorial limitation in Rule 41, therefore, does not limit warrants issued pursuant to § 2703.

Accordingly, because, pursuant to 18 U.S.C. § 2703, the Oregon Magistrate Judge had jurisdiction "over the offense being investigated," the Magistrate Judge likewise had jurisdiction to issue the Warrant in this case.

**II. Motion (#741) to Suppress Evidence (Facebook Accounts)**

In their Motion (#741) to Suppress Defendants contend the Warrant was overbroad because there was not sufficient probable cause to justify a Warrant to search all Facebook functions, including the private-messaging function.

"Probable cause is established if an affidavit presents a 'fair probability' that evidence of criminal activity will be found in the place to be searched." *United States v. Flores*, 802 F.3d 1028, 1043 (9th Cir. 2015)(quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Probable cause in a search-warrant affidavit must be based on the material supplied by the affiant

6 - ORDER DENYING MOTIONS (#712, #741) TO SUPPRESS FACEBOOK
    EVIDENCE

as well as "reasonable inferences" drawn from the material. *Gates*, 462 U.S. at 240.  *See also United States v. Schesso*, 730 F.3d 1040, 1045 (9th Cir. 2013).  When determining whether the warrant was supported by probable cause, the court gives "great deference" to the probable-cause determination of the issuing judge.  *United States v. Grant*, 682 F.3d 827, 832 (9th Cir. 2012).  *See also Flores*, 802 F.3d at 1043.

The court considers three factors when analyzing the overbreadth of a warrant:

> (1) whether probable cause existed to seize all items of a category described in the warrant; (2) whether the warrant set forth objective standards by which executing officers could differentiate items subject to seizure from those which were not; and (3) whether the government could have described the items more particularly in light of the information available.

*Flores*, 802 F.3d at 1044 (quoting *United States v. Le Shi*, 525 F.3d 709, 731-32 (9th Cir. 2008)).

Defendants assert the Warrant is overbroad because Facebook functions are obviously severable, and the search-warrant application only provided probable cause to search Defendants' public postings and not other features that included the private-messaging function.  According to Defendants, therefore, the Warrant was overbroad because it permitted a comprehensive initial seizure of all functions of Defendants' Facebook accounts subject to the two-step review and filtering process provided within the Warrant.

7 - ORDER DENYING MOTIONS (#712, #741) TO SUPPRESS FACEBOOK
    EVIDENCE

The government, on the other hand, contends the Ninth Circuit approved a similar warrant in *Flores*, including the use of the two-step search process by which the government initially seizes the entirety of a Facebook account, then conducts an initial review of the materials seized to determine which material is responsive to the search warrant, and then separates and seals material that is not responsive to the warrant. Because the Warrant in this case closely mirrors the warrant in *Flores*, which the Ninth Circuit found was not overbroad, the government contends this Warrant is similarly not overbroad, and, in any event, suppression would be inappropriate even if the Warrant was overbroad because the law-enforcement officers acted in good-faith reliance on the Magistrate Judge's issuance of the Warrant.

In *Flores* the government obtained a search warrant that permitted the government to search the Facebook account associated with Flores's name and email address and only to seize evidence of the two offenses listed in the warrant.  802 F.3d at 1044.  The warrant authorized Facebook to provide agents with the entire contents of Flores's Facebook account.  *Id.* at 1046. Agents then segregated information that was responsive to the search warrant from information that was not responsive and sealed the nonresponsive information so it could not be accessed absent a new warrant.  *Id.*  Ultimately, agents determined 100 of

8 - ORDER DENYING MOTIONS (#712, #741) TO SUPPRESS FACEBOOK
    EVIDENCE

the 11,000 pages of data initially seized were responsive to the search warrant.  *Id.*

Applying the factors from *Le Shi*, the Ninth Circuit concluded the warrant in *Flores* was not overbroad because it allowed the government to search only the Facebook account associated with the defendant, authorized the government to seize permanently only the information that was relevant to the alleged violations on which the warrant application was based, and established sufficient "'objective standards' for segregating responsive material from the rest of Flores's account."  *Id*. at 1044 (quoting *Le Shi*, 525 F.3d at 731-32).  Although the Ninth Circuit expressed some concern over the lack of any temporal limit on the warrant (*i.e.*, the warrant permitted seizure of relevant information created at any time during the existence of the Facebook account), the court ultimately concluded the warrant was not overbroad because "the warrant here specified a crime and a suspect, the seized data was not used for any broader investigative purposes, and Facebook, rather than government agents, segregated Flores's account to protect third parties' rights."  *Id.* at 1045-46.  Moreover, any concerns about the lack of any temporal limit was moot because the only information the government sought to introduce originated on the day of the defendant's arrest.  *Id.*

Here the government is correct that the Magistrate Judge

9 - ORDER DENYING MOTIONS (#712, #741) TO SUPPRESS FACEBOOK
    EVIDENCE

issued a Warrant similar to the warrant that the Ninth Circuit largely approved in *Flores*.  The Warrant here similarly specified a crime and the suspects, provided for a similar two-step search-and-seizure process to ensure nonresponsive information was separated and sealed, and only authorized the seizure of information within the listed accounts associated with Defendants.  Moreover, unlike the warrant in *Flores*, the Warrant issued in this case also contained a temporal limitation for information from November 1, 2015, through the date of the relevant Defendant's arrest (each arrest date occurring between late-January and mid-February 2016).  The Warrant in this case, therefore, was narrower than the one approved by the Ninth Circuit in *Flores*.  Accordingly, the Court concludes *Flores* is controlling, and, therefore, the Court finds the Warrant in this case was not overbroad.

Moreover, the Court disagrees with Defendants' contention that the search-warrant affidavit did not provide probable cause to search nonpublic features such as the private-messaging function.  To the contrary, the Affidavit provided:

> [I]nformation stored in connection with a Facebook account may provide crucial evidence of the "who, what, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, a Facebook user's "Neoprint," IP log, stored electronic communications, and other data retained by Facebook, can indicate who has used or

10 - ORDER DENYING MOTIONS (#712, #741) TO SUPPRESS FACEBOOK
    EVIDENCE

>controlled the Facebook account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, profile contact information, private messaging logs, status updates, and tagged photos (and the data associated with the foregoing, such as date and time) may be evidence of who used or controlled the Facebook account at a relevant time. Further, Facebook account activity can show how and when the account was accessed or used.

These assertions were sufficient for the Magistrate Judge to find there was a fair probability that evidence of the relevant crime could be found in the private features of Defendants' Facebook accounts. In addition, in light of the evidence of public postings presented in the search-warrant Affidavit as well as the information that various alleged members of the conspiracy were Facebook friends, the Magistrate Judge could reasonably infer there was a fair probability that evidence of the alleged crime could also be found in many of the private functions of Defendants' Facebook accounts.

Finally, Defendants contend the government improperly executed the Warrant (1) when the government did not set up a filter team separate from the investigation team to conduct an initial review of the materials produced by Facebook and (2) when the government included search terms in their initial review that were outside the scope of the Warrant.

Although the use of a filter team separate from the investigation team to conduct the initial review would have been

11 - ORDER DENYING MOTIONS (#712, #741) TO SUPPRESS FACEBOOK
    EVIDENCE

an added layer of protection for ensuring the investigation team did not benefit from exposure to information that was not responsive to the Warrant, there is not any such requirement in the Warrant nor does the *Flores* court require such an additional safeguard. Moreover, at oral argument counsel for the government certified the materials that had been deemed nonresponsive to the search warrant were not provided to the prosecution team and were sealed.

During the initial review of the information provided by Facebook, the government used many different search terms to locate information responsive to the Warrant and to segregate and to seal nonresponsive information. Although these search terms were quite diverse and related to several different topics, the Court finds each of the search terms relevant in some way to the alleged occupation of the MNWR that constituted the conspiracy charge on which the Warrant was predicated. Accordingly, the Court concludes the search terms did not impermissibly exceed the scope of the Warrant.

On this record, therefore, the Court concludes the Warrant was not overbroad, was supported by probable cause, and was executed properly by the government.

## **CONCLUSION**

For these reasons, the Court **DENIES** the Motion (#712) to

Suppress Facebook Evidence filed by Defendant Ryan Payne and the Motion (#741) to Suppress Evidence (Facebook Accounts) filed by Defendant David Lee Fry.

    IT IS SO ORDERED.

    DATED this 20th day of July, 2016.

                                           /s/ Anna J. Brown

                                           ANNA J. BROWN
                                           United States District Judge