IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AMMON BUNDY, RYAN BUNDY,
SHAWNA COX, DAVID LEE FRY,
JEFF WAYNE BANTA, KENNETH
MEDENBACH, and NEIL WAMPLER,

        Defendants.

3:16-cr-00051-BR

ORDER DENYING DEFENDANT
AMMON BUNDY'S MOTION
(#1203) TO DISMISS FOR
IMPERMISSIBLE DELAY

BROWN, Judge.

This matter comes before the Court on Defendant Ammon
Bundy's Motion (#1203) to Dismiss for Impermissible Delay.
Defendant Ammon Bundy moves to dismiss the Superseding Indictment
(#282) on the basis that the Court erred when it found
excludable delay under the Speedy Trial Act (STA), 18 U.S.C.
§ 3161(h)(7)(B), through September 7, 2016, based on the Court's

1 - ORDER DENYING DEFENDANT AMMON BUNDY'S MOTION (#1203) TO
    DISMISS FOR IMPERMISSIBLE DELAY

finding that this case is complex.  The government filed a
Response (#1227) to Ammon Bundy's Motion on September 8, 2016.
Ammon Bundy filed a Reply Memorandum (#1255) on September 13,
2016.  The Court finds the record sufficiently developed to take
the Motion under advisement without oral argument.


## BACKGROUND

On February 22, 2016, the government filed a Motion (#185)
to Declare Case Complex, Vacate Dates, Set Status Hearing, and
Exclude Time Under the Speedy Trial Act in which the government
requested this Court find excludable delay under the Speedy Trial
Act through a trial date to be set in the future.

On February 24, 2016, the Court held an Arraignment on
Indictment and Scheduling Conference with those parties who had
been named in the original Indictment (#58) including Ammon
Bundy.  At that hearing Defendants collectively asserted their
rights under the STA and requested the Court set a firm trial
date within the 70-day period provided in the Act.  At the same
hearing the Court advised the parties that it would address the
government's Motion (#185) to Declare Case Complex on March 9,
2016, which was the first of a series of regular, monthly status
hearings the Court conducted with all parties in this matter.
The Court also directed the parties to confer and to file a joint
status report before that March 9, 2016, hearing in which the

2 - ORDER DENYING DEFENDANT AMMON BUNDY'S MOTION (#1203) TO
      DISMISS FOR IMPERMISSIBLE DELAY

parties were to provide their calculations regarding the then-existing outside trial date under the STA for each Defendant and to provide their proposals for a firm, realistic trial date.

In response to the Court's Order, the parties filed in advance of the March 9, 2016, hearing their Joint Status Report (#244) in which they set out their calculations of the Defendants' respective outside trial dates under the STA and also proposed trial dates as follows:  (1) Defendants Ammon Bundy, Shawna Cox, Peter Santilli, Duane Leo Ehmer, Dylan Anderson, Sean Anderson, David Lee Fry, Sandra Lynn Anderson, Blaine Cooper, Wesley Kjar, Corey Lequieu, Jason Charles Blomgren, Darryl William Thorn, and Geoffrey Stanek indicated they were not yet able to propose a trial date, but, nonetheless, these Defendants reasserted their previous reservation of their rights under the STA; (2) Defendants Jon Ritzheimer, Joseph O'Shaughnessy, Ryan Payne, Ryan Bundy, Brian Cavalier, Jason Patrick, and Jeff Wayne Banta also re-asserted their STA rights but, nonetheless, proposed a trial date to begin October 18, 2016; and (3) the government agreed generally with the litigation schedule set out that resulted in a trial setting of October 18, 2016.

At the monthly status hearing on March 9, 2016, over Defendant Ammon Bundy's objection, the Court declared this case complex and, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and 3161(h)(7)(B)(iii), provisionally found excludable delay through

3 - ORDER DENYING DEFENDANT AMMON BUNDY'S MOTION (#1203) TO DISMISS FOR IMPERMISSIBLE DELAY

April 6, 2016, with the express intention to determine on
April 6, 2016, any additional period of necessary, excludable
delay based on the parties' respective case-management
recommendations up to that point.  The Court emphasized its
intention to set a firm trial date on April 6, 2016, within that
period of excludable delay.

On March 9, 2016, the Court made the finding of complexity
because:

> This matter currently involves 26 Defendants, many of
> whom remain in custody, and that status necessarily
> slows and complicates preparation for pretrial motions
> and trial.  Moreover, the expected volume of discovery,
> litigating discovery disputes, and screening admissible
> evidence necessitates additional time for the parties
> and the Court to prepare for trial.  The procedural
> steps of preparing for trial, including the summonsing
> of a large jury pool and coordination of the schedules
> of witnesses, counsel, and the Court, create an
> overwhelming need for additional time to prepare for
> and to be ready for trial at a firm trial date.
> Moreover, the nature of the charges, the duration of
> the crimes alleged in this matter (which span more than
> 40 days), and the distant location of the crime scene
> all require the parties to have additional time to
> gather and to analyze the evidence and to prepare for
> trial.  Finally, the Court notes the government's two
> initial volumes of discovery consist of approximately
> 3,500 pages of materials including only investigative
> reports, affidavits, and warrant materials, and the
> government expects to provide a substantial amount of
> additional discovery as it becomes available.  The
> Court concludes each of these factors individually and
> in combination, therefore, warrants a finding that this
> matter is complex and justifies a finding of excludable
> delay under the Speedy Trial Act.

Order (#289) Designating Case as Complex at 4-5 (issued Mar. 9,
2016).

4 - ORDER DENYING DEFENDANT AMMON BUNDY'S MOTION (#1203) TO
    DISMISS FOR IMPERMISSIBLE DELAY

Before the status hearing on April 6, 2016, the parties
submitted two Joint Status Reports (#336, #359) in which they
provided their updated proposals regarding the trial date to be
set and their proposed schedules for pretrial proceedings.  In
particular, Defendants split into four groups regarding their
recommendations for a firm trial date:

> **Group A – Trial in September 2016** – Def. #1, Ammon
> Bundy (Arnold & Casey); Def. #3, Joseph O'Shaughnessy
> (Baggio); Def. #4, Ryan Payne (Hay & Federico); Def.
> #5, Ryan Bundy (Self-Represented, Ludwig as Stand-By);
> Def. #6, Brian Cavalier (Bofferding); Def. #8, Peter
> Santilli (Coan); Def. #9, Jason Patrick (Kohlmetz);
> Def. #11, Dylan Anderson (Kauffman); Def. #12, Sean
> Anderson (McHenry); Def. #16, Kenneth Mendenbach
> (Self-Represented, Schindler as Stand-By); Def. #17,
> Blaine Cooper (Shipsey); Def. #18, Wesley Kjar
> (Halley); Def. #20, Neil Wampler (Maxfield); Def. #22,
> Darryl Thorn (Shertz); and Def. #23, Geoffrey Stanek
> (Andersen).
>
> **Group B – Trial in January 2017:** Def. #19, Cory Lequieu
> (Pagan).
>
> **Group C – Trial in April 2017:** Def. #2, Jon Ritzheimer
> (Wood); Def. #7, Shawna Cox (Harris); Def. #10, Duane
> Ehmer (Audet); Def. #13, David Fry (Olson); Def. #14,
> Jeff Banta (Salisbury); Def. #15, Sandra Anderson
> (Baaker); Def.#21, Jason Blomgren (Rainwater); and Def.
> #25, Eric Flores (Warren).
>
> **Group D – Trial TBD:** Def. #24, Travis Cox (Hood) and
> Def. #26, Jake Ryan (Merrithew), neither of whom has
> been arrested or arraigned.

Joint Status Report (#336) on Timing and Sequencing of Motions,
at 2-3 (emphasis in original, footnotes omitted).  Although the
government stated it did not object to the schedule proposed for
the Defendants in "Group A," the government requested all

5 - ORDER DENYING DEFENDANT AMMON BUNDY'S MOTION (#1203) TO
    DISMISS FOR IMPERMISSIBLE DELAY

Defendants to be set for trial together beginning September 6, 2016.

At the conclusion of its regular status hearing on April 6, 2016, the Court observed as follows:

> Although Defendants were previously unanimous in their request that this matter be set for trial as soon as practicable and even as early as April 2016, some Defendants indicated at this hearing that they did not believe they would be prepared to begin trial in September 2016 while others continued to request trial in early September.

Order (#389) at 2 (issued Apr. 11, 2016).  In considering a firm trial date among the parties' competing proposals, the Court weighed "the invocation of speedy-trial rights by multiple Defendants (many of whom remain in custody), the potential undue burden that multiple trials would likely impose on citizen jurors generally and witnesses in particular, and the increased system-wide costs that multiple trials would implicate."  *Id.* The Court also relied heavily on the representations of all trial counsel as to the nature and extent of the work needed to prepare and expected their promised diligence.  For these reasons and based on the findings in the Court's March 9, 2016, Order (#289) Designating Case as Complex, the Court set a single trial for all Defendants to begin with jury selection on September 7, 2016. The Court also found excludable delay under the STA through that date.  Order (#389) at 2.

On May 6, 2016, following the regular, monthly status

6 – ORDER DENYING DEFENDANT AMMON BUNDY'S MOTION (#1203) TO DISMISS FOR IMPERMISSIBLE DELAY

hearing held May 4, 2016, at which some Defendants noted their intention to waive their STA rights, the Court entered Order (#523) in which the Court stated:

> The Court will now consider appropriate motions by out-of-custody Defendants who wish to go to trial after the current September 7, 2016, trial setting to the extent that those motions are predicated on the Defendant's waiver of speedy-trial rights and/or an irreconcilable scheduling conflict of counsel.

Order (#523) at 5.

On June 30, 2016, Defendant Ammon Bundy filed a Motion (#815) to Continue September 7, 2016, Trial Date in which Bundy requested the following:

> Mr. Bundy is asking the Court to vacate the current trial date, and agrees to a short sixty day (60) period of time to litigate his release and to further prepare (with his new legal counsel) before his [*sic*] can be prepared to asked for a specific trial date or inform the court when he and his legal counsel can reasonably be prepared to proceed to trial.

Mot. (#815) to Continue at 6. At that time Ammon Bundy contended an additional sixty-day period should be excluded from calculation of the period in which to begin trial under the Speedy Trial Act in order to permit Ammon Bundy to further prepare for trial. By Motion (#818) Ryan Bundy joined Ammon Bundy's Motion.

By Order (#850) Denying Motions to Continue Trial Date Filed by Ammon Bundy and Ryan Bundy issued July 7, 2016, the Court denied Ammon and Ryan Bundy's Motions on the bases that

7 - ORDER DENYING DEFENDANT AMMON BUNDY'S MOTION (#1203) TO DISMISS FOR IMPERMISSIBLE DELAY

there was not any evidence in the record from which the Court could conclude Defendants had exercised diligence in preparing for trial or, in any event, that they could not prepare for trial sufficiently in the two months that remained before trial.  The Court also concluded the grant of a continuance "would cause severe prejudice to court proceedings in two districts and to the many witnesses that the parties are expected to call in this matter and would necessitate at least two additional trials after the September [trial] proceedings because the Bundys' requested continuance would preclude them from participating in the trial that will begin on September 7, 2016."  Order (#850) at 7.

In due course and after many pretrial proceedings, the Court began trial with *voir dire* on September 7, 2016.

## DISCUSSION

Ammon Bundy now contends the Court erred when it originally found excludable delay under the Speedy Trial Act on the basis that this is a complex case that required more than 70 days for the parties to prepare.  In addition, Ammon Bundy contends the Court erred when it instructed Defendants seeking a continuance of the September 7, 2016, trial date to file a waiver of their rights under the Speedy Trial Act.

Before addressing Ammon Bundy's objection to the Court's finding of complexity, the government points out that the

8 - ORDER DENYING DEFENDANT AMMON BUNDY'S MOTION (#1203) TO
    DISMISS FOR IMPERMISSIBLE DELAY

September 7, 2016, trial began, nonetheless, within the standard 70-day STA clock notwithstanding the Court's finding of complexity.  In particular, the government asserts only six days have elapsed from that 70-day clock due to the clock being automatically tolled as a result of the filing of various Motions and interlocutory appeals to which Ammon Bundy was a party.  The Court agrees.  Even if the Court had not found excludable delay as a result of the complexity of the case, the time permitted in which to begin trial under the Speedy Trial Act would not have run by September 7, 2016, due to the automatic tolling of that time as a result of Defendants filing multiple Motions and interlocutory appeals.

In response to the merits of Ammon Bundy's Motion, the government argues the Court's finding of excludable delay through September 7, 2016, was proper and supported by the record.  The Court agrees.  This is indisputably a complex case in every sense of that term.  This 26-Defendant case has proceeded to trial against seven Defendants after nearly 1,300 docket entries to date, including dozens of motions filed and decided, regular status and evidentiary hearings, and multiple days of pretrial conference proceedings.  Moreover, it also is undisputed that this case involves extraordinarily voluminous discovery.  With the additional benefit of hindsight and the experience from presiding over all of these proceedings, the Court confidently

9 - ORDER DENYING DEFENDANT AMMON BUNDY'S MOTION (#1203) TO
    DISMISS FOR IMPERMISSIBLE DELAY

reasserts this case could not have been brought to trial any sooner than September 7, 2016.  Although the Court is satisfied that the parties and the Court have prepared sufficiently for trial, the Court notes if the case had proceeded on an even more compressed timeline as Ammon Bundy now contends, the opportunities for the parties to engage in meaningful (and, in this case, productive) motion practice, to review discovery, and to prepare for trial would have been significantly limited.

Finally, to the extent that Ammon Bundy asserts the Court erred when it required Defendants seeking a continuance to file a "waiver" of their rights under the Speedy Trial Act, the Court notes any such error would be harmless as to Ammon Bundy because he did not file any such waiver, and, in fact, continued to assert conflicting arguments about his STA rights in the context of his continued detention.[1]

Accordingly, the Court adheres to its finding in its March 9, 2016, Order (#289) Designating Case as Complex and

---

[1] The Court notes although it referred to such a filing as a waiver, that term is more accurately characterized as a stipulation by each such Defendant that the Court could find excludable delay through the date of the particular Defendant's requested continuance.  Even with a Defendant's consent to excludable delay, the STA still applies and governs those continued proceedings.  In this context the Court, therefore, expressly found excludable delay under the STA through the trial date set for February 14, 2017, for Defendants who sought such continuances.  See Order (#930) Setting Trial Date for Defendants Who Have Been Granted Continuances from the Trial Set to Begin September 7, 2016 (issued July 26, 2016).

10 - ORDER DENYING DEFENDANT AMMON BUNDY'S MOTION (#1203) TO DISMISS FOR IMPERMISSIBLE DELAY

concludes it properly found excludable delay under the Speedy Trial Act through September 7, 2016, the day the Court began trial proceedings as to Ammon Bundy and others.  Moreover, the Court concludes there is not any factual or legal basis in the record to find any "impermissible delay" in bringing Defendant Ammon Bundy to trial within the constitutional and statutory standards governing his right to a speedy trial.

The Court, therefore, **DENIES** Defendant Ammon Bundy's Motion (#1203) to Dismiss for Impermissible Delay.

IT IS SO ORDERED.

DATED this 16th day of September, 2016.

ANNA J. BROWN
United States District Judge