IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:16-cr-00051-BR |
| Plaintiff, | ORDER TAKING JUDICIAL NOTICE OF FEDERAL |
| v. | OWNERSHIP OF THE MALHEUR NATIONAL WILDLIFE REFUGE |
| AMMON BUNDY, RYAN BUNDY, SHAWNA COX, DAVID LEE FRY, JEFF WAYNE BANTA, KENNETH MEDENBACH, and NEIL WAMPLER, | (#1229); ORDER DENYING AMMON BUNDY'S MOTION (#1248) TO ENJOIN PROSECUTION |
| Defendants. | |

BROWN, Judge.

This matter comes before the Court on the government's Motion (#1229) for Judicial Notice Regarding Ownership of the Malheur National Wildlife Refuge Headquarters Area and Defendant Ammon Bundy's Emergency Motion (#1248) to Enjoin Prosecution, Dismiss With Prejudice, and Other Relief.

For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** the government's Motion (#1229) for Judicial

1 - ORDER TAKING JUDICIAL NOTICE OF FEDERAL OWNERSHIP OF THE MALHEUR NATIONAL WILDLIFE REFUGE (#1229); ORDER DENYING AMMON BUNDY'S MOTION (#1248) TO ENJOIN PROSECUTION

Notice Regarding Ownership of the Malheur National Wildlife Refuge Headquarters Area; and **DENIES** Defendant Ammon Bundy's Emergency Motion (#1248) to Enjoin Prosecution, Dismiss With Prejudice, and Other Relief.

**I.  Government's Motion (#1229) for Judicial Notice Regarding Ownership of the Malheur National Wildlife Refuge Headquarters Area**

In its Motion the government requests this Court take judicial notice that:  (1) the Malheur National Wildlife Refuge (MNWR) is comprised of approximately 187,167 acres; (2) on February 21, 1935, Harney County, Oregon, recorded a deed transferring land from Eastern Oregon Land and Livestock Company to the federal government; (3) the MNWR headquarters is located on the property purchased by the federal government in 1935; and (4) the property to the north of the headquarters was purchased by the federal government from Paul C. and Ruth Stewart as reflected in a deed recorded in Harney County, Oregon, on November 27, 1940.  The government supports its request for judicial notice with the Declaration (#1230) of Charles Houghten, which has copies of the deeds related to the two parcels attached thereto.

"Federal Rule of Evidence 201(b) permits judicial notice of an adjudicative fact that is 'not subject to reasonable dispute in that it is either (1) generally known within the territorial

jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *United States v. Daychild*, 357 F.3d 1082, 1099 (9th Cir. 2004).  Under Rule 201(b), courts routinely take judicial notice of public documents, including copies of recorded deeds of trust.  *See Mann v. Nationstar Mortgage, LLC*, 623 F. App'x 410, 412 (9th Cir. 2016).

The Court has reviewed the pertinent county records submitted by the government showing title to these lands and concludes the accuracy of those records cannot reasonably be questioned.  Defendants were provided with an opportunity to respond to the government's Motion, but there is not any contrary evidence in the record.  Accordingly, the Court takes judicial notice as follows:

1.   The lands comprising the Malheur National Wildlife Refuge are owned by the United States government and include lands reserved from the public domain, lands transferred by other federal agencies, and lands acquired from private parties.

2.   The Malheur National Wildlife Refuge Headquarters buildings are located on land that was purchased by the United States government from the Eastern Oregon Land and Livestock Company.  Title passed via an instrument recorded February 21, 1935, in Book 36 Page 437, Deed records of Harney County, Oregon.

3 -   ORDER TAKING JUDICIAL NOTICE OF FEDERAL OWNERSHIP OF THE
      MALHEUR NATIONAL WILDLIFE REFUGE (#1229); ORDER DENYING
      AMMON BUNDY'S MOTION (#1248) TO ENJOIN PROSECUTION

3.   The area immediately north of the Refuge Headquarters was purchased by the United States government from Paul C. Stewart and Ruth Stewart.  Title passed via Warranty Deed recorded November 27, 1940, in Book 39 Page 214, Deed records of Harney County, Oregon.

The Court, however, cannot take judicial notice of the total acreage of the MNWR because the documents submitted by the government in support of its Motion do not establish that particular fact.

On this record, therefore, the Court **GRANTS in part** and **DENIES in part** the government's Motion (#1229) for Judicial Notice Regarding Ownership of the Malheur National Wildlife Refuge Headquarters Area.  At the government's request the Court will give a judicial notice instruction in the form attached hereto as Exhibit 1 before the close of the government's case-in-chief.

**II.  Ammon Bundy's Emergency Motion (#1248) to Enjoin Prosecution and Shawna Cox's Arguments in her Response (#1245) to the Government's Motion (#1229) for Judicial Notice Regarding Ownership of the Malheur National Wildlife Refuge Headquarters Area**

Defendant Shawna Cox filed a Response (#1245) to the government's Motion on September 12, 2016.  In that Response Cox acknowledges the government has demonstrated it owns the land in question, but, nonetheless, she contends the government does not

4 -   ORDER TAKING JUDICIAL NOTICE OF FEDERAL OWNERSHIP OF THE
      MALHEUR NATIONAL WILDLIFE REFUGE (#1229); ORDER DENYING
      AMMON BUNDY'S MOTION (#1248) TO ENJOIN PROSECUTION

have any regulatory jurisdiction over that land because it did not obtain the consent of the Oregon State Legislature as required by the Enclave Clause of Article I, Section 8, Clause 17 of the United States Constitution.  Related to Cox's arguments, Ammon Bundy requests in his Emergency Motion (#1248) to Enjoin Prosecution that this Court reconsider its previous orders denying Ammon Bundy's Motions to Dismiss for Lack of Subject Matter Jurisdiction on the basis that the record now clearly reflects that the property on which the MNWR headquarters sits was not part of the land the federal government has owned since before Oregon statehood, but instead was acquired from the Eastern Oregon Land and Livestock Company in 1935.

Although it is now clear that the MNWR is made up of a combination of lands that the federal government reserved from the public domain, acquired from other federal agencies, and purchased from private parties, the government, nevertheless, properly exercises jurisdiction over all such lands under the Property Clause of Article IV, Section 3, Clause 2.

"The Property Clause of the Constitution states that '[t]he Congress shall have power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States.'"  *Confederated Tribes of the Siletz Indians of Oregon v. United States*, 110 F.3d 688, 694 (9th

5 -   ORDER TAKING JUDICIAL NOTICE OF FEDERAL OWNERSHIP OF THE
      MALHEUR NATIONAL WILDLIFE REFUGE (#1229); ORDER DENYING
      AMMON BUNDY'S MOTION (#1248) TO ENJOIN PROSECUTION

Cir. 1997)(quoting U.S. Const. art. IV, § 3, cl. 2). When the United States acquires property pursuant to the Property Clause, it may also exercise jurisdiction over those lands concurrently with the jurisdiction of the state in which that property is located.[1] As the Supreme Court has explained:

> [W]hile Congress can acquire exclusive or partial jurisdiction over lands within a State by the State's consent or cession, the presence or absence of such jurisdiction has nothing to do with Congress' powers under the Property Clause. Absent consent or cession a State undoubtedly retains jurisdiction over federal lands within its territory, but Congress equally surely retains the power to enact legislation respecting those lands pursuant the Property Clause.

*Kleppe v. New Mexico*, 426 U.S. 529, 543 (1976). *See also United States v. Bohn*, 622 F.3d 1129, 1133-34 (9th Cir. 2010). "[E]ven over public land within the States," the federal government "'doubtless has a power over its own property analogous to the police power of the several states, and the extent to which it may go in the exercise of such power is measured by the exigencies of the particular case.'" *Kleppe*, 426 U.S. at 540 (quoting *Camfield v. United States*, 167 U.S. 518, 525 (1897)). Accordingly, the arguments of Ammon Bundy and Cox regarding the Enclave Clause are "beside the point" because the federal government may constitutionally exercise jurisdiction over the

---

[1] Notably, at trial Harney County Sheriff David Ward testified the state exercised jurisdiction over the MNWR concurrently with federal jurisdiction over those lands.

6 -   ORDER TAKING JUDICIAL NOTICE OF FEDERAL OWNERSHIP OF THE MALHEUR NATIONAL WILDLIFE REFUGE (#1229); ORDER DENYING AMMON BUNDY'S MOTION (#1248) TO ENJOIN PROSECUTION

MNWR pursuant to the Property Clause.[2]

Ammon Bundy also contends the Court should revisit the arguments he made in his Motion (#1155) to Dismiss for Lack of Subject Matter Jurisdiction re: Adverse Possession that the Court denied by Order (#1228).  That Order, however, was not based on the method by which the United States acquired the lands that constitute the MNWR.  Thus, the additional information concerning the source of the federal government's ownership of the MNWR does not affect the Court's analysis in its Order (#1228) Denying Ammon Bundy's Motion to Dismiss for Lack of Subject-Matter Jurisdiction re: Adverse Possession.

On this record, therefore, the Court **DENIES** Ammon Bundy's Emergency Motion (#1248) to Enjoin Prosecution, Dismiss With Prejudice, and Other Relief.

In addition, the Court notes Defendants have made an exhaustive record through multiple filings and arguments on the record regarding their contentions that the federal government lacks constitutional authority to own and to exercise

---

[2] Ammon Bundy also argues Congress enacted legislation in 1936 to divest the federal government of jurisdiction over lands that include the MNWR.  *See* 49 Stat. 2035.  That statute, however, only disclaims any *exclusive* federal jurisdiction over such lands.  As noted, the government's proprietary jurisdiction over the MNWR is not exclusive of the State of Oregon's jurisdiction.  *See Kleppe*, 426 U.S. at 543.

7 -    ORDER TAKING JUDICIAL NOTICE OF FEDERAL OWNERSHIP OF THE
       MALHEUR NATIONAL WILDLIFE REFUGE (#1229); ORDER DENYING
       AMMON BUNDY'S MOTION (#1248) TO ENJOIN PROSECUTION

jurisdiction over the MNWR and as to their assertions that their alleged adverse-possession claim deprives this Court of subject-matter jurisdiction or otherwise constitutes a basis to dismiss the Superseding Indictment (#282). The Court, therefore, will not entertain any additional motions regarding any such arguments. In addition, Defendants may not seek to introduce any evidence or make any argument to the jury inconsistent with the Court's Orders on these issues except, as the Court has consistently ruled, as these issues pertain to Defendants' alleged state of mind which is relevant to the alleged intent to impede officers of the United States by force, intimidation, or threat. To the extent that the government requests limiting instructions on these issues as the trial continues, the government should so move.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** the government's Motion (#1229) for Judicial Notice Regarding Ownership of the Malheur National Wildlife Refuge Headquarters Area; and **DENIES** Defendant Ammon Bundy's Emergency

Motion (#1248) to Enjoin Prosecution, Dismiss With Prejudice, and Other Relief.

IT IS SO ORDERED.

DATED this 21st day of September, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

9 -   ORDER TAKING JUDICIAL NOTICE OF FEDERAL OWNERSHIP OF THE
      MALHEUR NATIONAL WILDLIFE REFUGE (#1229); ORDER DENYING
      AMMON BUNDY'S MOTION (#1248) TO ENJOIN PROSECUTION