IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:16-cr-00051-BR-5 |
|        **Plaintiff,** | ORDER DENYING DEFENDANT RYAN BUNDY'S MOTION |
| **v.** | (#1299) FOR DECLARATION OF A MISTRIAL |
| **RYAN BUNDY,** | |
|        **Defendant.** | |

**BROWN, Judge.**

    This matter comes before the Court on Defendant Ryan Bundy's Motion (#1299) for Declaration of Mistrial filed September 19, 2016. In that Motion Bundy asserts the Court must declare a mistrial because Harney County Sheriff David Ward referenced rough notes that Ryan Bundy contends were not provided to Defendants in discovery.[1] Ryan Bundy does not specify the

---

[1] In his Motion Ryan Bundy also raises several other arguments that this Court has already addressed or arguments that are not legally cognizable issues for this Court to address.

1 -   ORDER DENYING DEFENDANT RYAN BUNDY'S MOTION (#1299) FOR
      DECLARATION OF A MISTRIAL

portion of Sheriff Ward's testimony that contains the reference to any such rough notes taken by Sheriff Ward or any Harney County deputy sheriff.[2]

The government filed a Response (#1314) to Ryan Bundy's Motion on September 21, 2016. The government contends Sheriff Ward did not reference any rough notes in his testimony, and, in any event, such notes would not be material in light of the fact that the relevant investigatory reports of Ward and the other members of his office were provided to Defendants in discovery.

The Court has reviewed the transcript of Sheriff Ward's testimony. Sheriff Ward did not reference any rough notes that he took or that were taken by any other law-enforcement official under his supervision. Moreover, there is not any basis in the record to conclude any such notes (if they exist) contain material information that is not contained in the official reports generated by Sheriff Ward and other law-enforcement officials under his supervision that were produced to Defendants in discovery.

Finally, the Court notes state law enforcement are generally not required to retain their rough notes unless those notes are

---

[2] The Court notes it has arranged to provide each Defendant whose defense is funded through the Criminal Justice Act with a daily rough transcript of trial proceedings. The Court has also indicated that it will authorize any such Defendant to order an official transcript of any portion of the trial proceedings that is necessary to complete the record on any nonfrivolous motion.

2 -   ORDER DENYING DEFENDANT RYAN BUNDY'S MOTION (#1299) FOR
      DECLARATION OF A MISTRIAL

otherwise in the possession of the United States.  *See United States v. Durham*, 941 F.2d 858, 860 (9th Cir. 1991).  Here there is not any basis in the record for the Court to conclude that any such notes are or ever have been in the possession of the United States.

Accordingly, on this record the Court **DENIES** Defendant Ryan Bundy's Motion (#1299) for Declaration of Mistrial.

IT IS SO ORDERED.

DATED this 30th day of September, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

3 -   ORDER DENYING DEFENDANT RYAN BUNDY'S MOTION (#1299) FOR
      DECLARATION OF A MISTRIAL