**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No.: 3:16-CR-00051-BR-26 |
| Plaintiff, | |
| vs. | **JOINT STATUS REPORT JANUARY 4, 2017** |
| **JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, SANDRA LYNN ANDERSON, DARRYL WILLIAM THORN, and JAKE RYAN,** | |
| Defendants. | |

On December 14, 2016, following a status conference, the Court issued an order that, in part, required the parties to "file a single, joint status report no later than 10:00 a.m., January 4, 2017, that sets out (1) a concise summary of the primary evidentiary and legal rulings already made in the case that may apply to the February 14, 2017, trial and the extent to which any party wishes to be heard further on such rulings; (2) a summary list of the pretrial motions that each party intends to file specifying the legal issues to be raised therein and a proposed schedule to litigate such motions; (3) a concise statement regarding jury instructions that identifies any changes that any party proposes to the final jury instructions that were used in the trial that

began September 7, 2016; and (4) any additional, jointly-proposed elements-instructions as to charges that are different from those that were at issue in the trial that began September 7, 2016." Dkt. No. 1624. This report is responsive to that order. In addition, the Court requested in an email that the parties identify any other issues that ought to be taken up at the status conference on January 6, 2017.

## I.    Primary Evidentiary and Legal Rulings Already Made

The parties have reviewed the docket and assembled a table of legal and evidentiary rulings already made. The table excludes certain motions and orders that were applicable only to individual defendants in the first trial. That table appears below, along with an indication of whether any party believes any of those issues require further evidence or briefing. There is a number in the left hand column that does not correspond to anything, it is simply there for ease of reference. Defendants have determined that, for many of these issues, they have already been adequately litigated and nothing further needs to be done. However, defendants do want to ensure that adverse rulings are adequately preserved for appeal. For most of these issues, the above-named defendants were neither present at argument nor named in the captions of the pleadings or orders. Therefore, defendants request that the next order issued by this Court specifically reflect that all of the arguments made by the first trial defendants were made on behalf of the second trial defendants, that no further objections, pleadings, or arguments are necessary to adequately preserve those issues for appeal, and that the Court specifically orders the defendants not to make contemporaneous objections and interrupt the flow of the trial based on the issues already decided.

///

///

| Ref. # | Substance of Motion | Docket Number(s) of Motion(s) | How Court Resolved Motion | Docket Number(s) of Order(s) | Does any party wish to be heard further and why? |
|---|---|---|---|---|---|
| | | | **Motions to Compel** | | |
| 1 | Grand jury proceedings: Defendants made numerous motions related to the grand jury proceedings, including motions to compel the production of grand jury transcripts or specific excerpts therefrom. | 986, 1211 | The Court denied the motions, finding that a) there was no evidence to the record to overcome the presumption of grand jury secrecy, and b) there was no evidence in the record to contradict the government's representation that it had complied with its obligations under the Jencks Act. | 1039, 1378 | No. Defendants only request that the government turn over grand jury transcripts in the event they call a witness to testify in the second trial who did testify to the grand jury. |
| 2 | Confidential Human Sources: Defendants filed two motions during trial regarding the identities of confidential human sources. | 1207, 1423 | The Court denied the first motion both as untimely and that there had not been a threshold showing of relevance. Defendants filed a second motion on the 20th day of trial. The Court reviewed unredacted copies of the previously disclosed CHS reports in camera. The Court found that there was not any information in the un-redacted versions of the | 1378, 1453, 1459 | Not at this time. Defendants may request that the Court revisit this issue depending on how the evidence unfolds at trial. |

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

| | | | reports that was "relevant and helpful" to any defense. The parties subsequently entered a stipulation regarding the number of CHS's on the MNWR. The Court thereafter denied the motion as moot and sealed the materials. | | |
|---|---|---|---|---|---|
| **Evidentiary Rulings** | | | | | |
| 3 | Motion to suppress Facebook evidence – Defendants raised a number of challenges to the issuance and execution of the warrants used to seize evidence from their Facebook accounts. | 712, 741, 1040 | The Court denied the motions, finding that the a) the magistrate judge had jurisdiction to issue the warrant, b) the warrant was supported by probable cause, c) the warrant was not overbroad, and d) the government's execution of the warrant did not violate the Fourth Amendment. | 915, 1239 | Yes. The defendants may seek further clarification on the government's mishandling of Facebook materials. Defendant Thorn will take this issue up in the context of his Motion to Suppress. |
| 4 | Admissibility of co-conspirator statements generally. Defendants objected to the admissibility of many of the statements the government intended to offer | 1000 | The Court denied the motions, finding that all of the challenged statements, with the exception of statements made by defendants after their arrest, fell within the co- | 1171 (p. 5) | Yes. Defendants believe that this issue must be re-assessed in light of the acquittals of seven alleged conspirators prior to their statements being introduced as conspirators. |

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

| | | | | |
|---|---|---|---|---|
| | as outside the scope of the co-conspirator exception to the hearsay rule, including those statements made prior to January 2, 2016, those statements not made in furtherance of the conspiracy, and statements made after the conspiracy ended. | | conspirator exception. | | |
| 5 | Admissibility of co-conspirator statements based on the doctrine of *strictissimi juris*. | 1145 | The Court denied the motion, finding that the jury instructions and evidentiary rulings adequately addressed the same concerns underpinning the doctrine. | 1171 (p. 21) | No. |
| 6 | Adverse Possession: The government moved to exclude evidence supporting a defense of adverse possession. Defendant Ammon Bundy moved to dismiss the indictment based on lack of subject matter jurisdiction citing adverse possession. | 959, 1068, 1155 | The Court denied the motion to dismiss, and granted in part and denied in part the government's motion to exclude evidence. The Court ruled that "Adverse possession is not a legal defense to any of the charges in the Superseding Indictment (#282). As specifically relevant to a Defendant's state-of-mind at the | 1171 (p. 2) | Yes. Defendants will assert that they are entitled to raise as an affirmative defense the disputed ownership of the MNWR headquarters to defend against the Trespass charge. |

Levi Merrithew Horst PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

| | | | time of the events of the MNWR, each defendant may, nonetheless, testify and introduce evidence that each specifically intended to assert … a claim of adverse possession… ." | | |
|---|---|---|---|---|---|
| 7 | Unattributed guns and damage to property: Defendants moved to exclude all evidence that the government could not attribute to a specific co-defendant, specifically firearms and firearm ammunition where the government could not prove who left the evidence at the MNWR and damage to various property at the MNWR that the government could not attribute to any specific person. | 995 | The Court allowed the government to introduce this evidence, finding that there was a sufficient nexus between the evidence and the alleged conspiracy. The government stipulated that it would not introduce any evidence of the dollar amount of damage done. | 1171 (p. 4) | Yes, defendants wish to re-raise this issue in light of the acquittal of seven of the alleged co-conspirators, and the government's mid-trial stipulation that nine of the individuals on the refuge were not co-conspirators but were in fact government informants. |
| 8 | Motion to exclude the subjective reactions of MNWR | 999, 1237 | The Court granted the motion, excluding evidence of community members' subjective reactions as | 1171 (p. 3) | The government will seek to revisit this issue with additional case law to support the |

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

| | | | | | |
|---|---|---|---|---|---|
| | employees and members of the public to the protest. | | irrelevant, and excluding evidence of employees' subjective reactions as irrelevant unless one of the defendants opened the door to such evidence. The Court limited the admissible evidence to "evidence about the closure of the MNWR and the reasons for that closure." | | relevance of this evidence to defendants' intent. |
| 9 | Evidence regarding the death of LaVoy Finicum: Defendants moved to admit evidence that the FBI had lied and covered-up its role in the shooting death of LaVoy Finicum. | 1000 | The Court denied the motion, except that "limited evidence regarding the fact of Finicum's death and its effect on the state of mind of the Defendants who remained at the MNWR thereafter is … relevant and admissible." | 1171 (p. 7) | No. |
| **Requests for Judicial Notice and Stipulations** | | | | | |
| 10 | Ownership of MNWR – the government requested that the Court take judicial notice that the MNWR was property owned by the United States government. The Defendants opposed this request and asked that the government be required to prove its ownership of the land. | 1229, 1230, 1245, 1248, 1252, 1295, 1318 | The Court took "Judicial Notice as follows:  Lands Comprising the MNWR are owned by the US Govt.  MNWR Headquarters are located on land that was purchased by the US government from the Eastern Oregon Land and Livestock Company (1935). The Court, however, cannot take judicial notice of the total | 1327 | Yes. Reconsideration is appropriate in light of the Trespass charges. |

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

| | | | | | |
|---|---|---|---|---|---|
| | | | acreage of the MNWR because the documents submitted by the Govt in Support of its Motion do not establish that particular fact." | | |
| 11 | The Hammonds: The government twice moved for the Court to take judicial notice regarding the circumstances of the Hammonds' arrest, prosecution, and sentencing. | 1222, 1343 | The Court took judicial notice of the facts of the Hammonds' convictions and sentencing. The Court's notice included language about the penalty provision and the 5-year mandatory minimum sentence. | 1253, 1367 | No. |
| 12 | Bunkerville: Defendants moved to limit the scope of evidence related to the 2014 Bunkerville confrontation between the federal government and Cliven Bundy. | 1000 | The parties eventually entered into a stipulation giving the jury some basic background for understanding what the conflict was about. | None. | The parties do not object to using the same stipulation. They will work together to determine when and if reading that stipulation will be appropriate. |
| 13 | "Federal officers": The government asked the Court to take judicial notice of the 'fact' that the employees of the MNWR are "federal officers" for purposes of 18 U.S.C. § 372. | 958 | The Court denied the request for judicial notice and dealt with the issue in jury instructions. | 1711 (p 19) | No. |

Levi Merrithew Horst PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

| Expert Witnesses | | | | | |
|---|---|---|---|---|---|
| 14 | R. McGreggor Cawley, Ph.D. | 1024 | The Court excluded Dr. Cawley's testimony. | 1711 (p 14) | No. |
| 15 | Angus P. McIntosh, II, Ph.D. | 1025 | The Court excluded Dr. McIntosh's testimony. | 1711 (p 15) | No. |
| 16 | Charles Stephenson | 1037 | The Court allowed Mr. Stephenson to testify regarding how different actions with a firearm can be intended as threatening or nonthreatening from the perspective of the person handling the firearm. | 1711 (p 16) | No. |
| 17 | Stan Vaughn | 1102 | The Court excluded Mr. Vaughn's testimony. | 1711 (p 17) | No. |
| 18 | James O'Hagan | 1103 | The Court excluded Mr. O'Hagan's testimony. | 1711 (p 17) | No. |

## II.    Summary List of Pretrial Motions and Proposed Litigation Schedules

Defendants intend to file two categories of motions: those that relate to the existing

indictment (#282) and those that relate to the new misdemeanor charges. Defendants propose to

file all motions related to the existing indictment (listed below in section A) by January 6, 2017,

and argument either on January 20 at the currently scheduled status conference or at the to-be-

scheduled pretrial conference. Defendants propose to file all motions related to the new

misdemeanors and Indictment in 16-CR-493-BR (listed below in section B) by January 13, 2017

and argument at the to-be-scheduled pretrial conference. The government's position regarding

motions for the existing indictment is that because of the number of motions, its responses

should be due January 27, 2017 and that a hearing should be set at the Court's

convenience.  Likewise, the government's position regarding motions relating to the

misdemeanors and new indictment its responses should be due February 3, 2017 and that a

hearing should be set at the Court's convenience.

### A.    Motions Related to the Indictment

#### i.    *Motions to Suppress*

1. <u>Jake Ryan's Motion to Suppress Statements</u>. Jake Ryan will move to suppress his

    statements to law enforcement on February 12, 2016 as involuntary.

2. <u>Dylan Anderson's Motion to Suppress Statements</u>. Dylan Anderson will move to

    suppress his statements to law enforcement at the time of his arrest.

3. <u>Jason Patrick's Motion to Suppress Seized Evidence</u>. Jason Patrick may move to suppress

    evidence seized from the electronic devices seized from him during his arrest.

4. <u>Darryl Thorn's Motion to Suppress</u>. Darry Thorn will move to suppress statements to law

    enforcement at the time of his arrest, all statements, including any Facebook materials

    outside the scope of the warrant, and any other published statements after the alleged end

    of the conspiracy on 2/12/16.

#### ii.    *Motions to Exclude Evidence*

5. <u>Motion to Exclude Testimony of Carla Burnside</u>. Defendants will move to prevent Ms.

    Burnside from testifying regarding certain matters that she was allowed to testify about in

    the first trial without objection. In particular her testimony regarding the treatment of

    artifacts and the preservation of certain archeological sites was irrelevant, amounted to

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

expert testimony without appropriate qualifications, and relied on multiple levels of hearsay.

6.  Motion to Exclude Evidence of "Archeological Damage". Defendant Jake Ryan will move to exclude evidence regarding the government's choice to perform an archeological exploration of the dirt moved to dig the trench alleged in Count Six of the indictment, and any evidence that the digging of that trench caused damage to an archeological site. This evidence is not relevant to the charges and creates a due process-as-applied problem because the fact that this area was of some archeological significance is beyond the common knowledge.

7.  Motion to Exclude Evidence of Circumstances of Arrest. Jake Ryan will move to exclude from evidence any testimony regarding the circumstances of his arrest in Clark County, Washington as irrelevant and more prejudicial than probative.

### iii. Motions to Allow Evidence

8.  Motion to Allow Evidence of Acquittals. Defendant will move to allow the introduction of evidence that Ammon Bundy, Ryan Bundy, Shawna Cox, David Fry, Neil Wampler, Jeff Banta, and Kenneth Medenbach were all acquitted by a jury of Count One.

### B.    Motions Related to the Misdemeanors and Indictment 16-cr-493-BR

9.  Duane Ehmer's Motion to Suppress. Duane Ehmer will move to suppress his statements to law enforcement and evidence seized from him. The evidence seized from him is relevant to the misdemeanors only.

10. Motion to Dismiss Trespass Charge as Overbroad. Defendants will move to dismiss this charge because it is overbroad in violation of Due Process.

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

11. <u>Motion to Dismiss All Misdemeanors For Violations of Administrative Procedures Act</u>.

Defendants may move to dismiss the misdemeanor information because the

administrative regulations it relies on were adopted in violation of the APA.

12. <u>Motion to Dismiss for Speedy Trial</u>. Defendants may move to dismiss the misdemeanor

information and the indictment in 16-CR-493-BR for violation of the Speedy Trial Act.

It is the government's position that based on the information provided regarding the above-

described motions, the government's objects to all of defendants' proposed motions.

## III.    Proposed Modifications to Existing Jury Instructions

Defendants hereby adopt and incorporate the objections made by co-defendants to the

preliminary (#1242) and final (#1509) jury instructions given by the Court. In particular,

defendants object to the instruction given by the Court defining "officer of the United States."

However, defendants do not believe that any further briefing or argument on that subject will

benefit the Court. Defendants request one minor modification of the final jury instructions,

adding a "Mere Presence" instruction (Ninth Circuit Pattern Instruction No. 6.10) at the end of

the third full paragraph on page 15. The government objects to the inclusion of this instruction.

Additionally, defendants may request some modification of the co-conspirator instruction

depending on how the Court rules on the motions listed above in order to deal with any

statements from acquitted co-conspirators that are admitted. After it is given the opportunity to

review the substance of defendants' motion number "8" (Motion to Allow Evidence of

Acquittals), the government will submit a separate instruction instructing the jury to disregard

any evidence or statements regarding the acquittals in the first trial. Additionally, based on

defendants' assertion in Section I that they may rely upon the "affirmative defense" of adverse

possession, the government reiterates its request for the previously requested jury instruction regarding adverse possession.

## IV.    New Instructions

Several new crimes are at issue in this trial that were not in the first trial. The parties' respective positions as to the appropriate instructions for those crimes are set out below.

### A.    Depredation of Government Property: 18 U.S.C. § 1361

#### i.    *Defendant's Proposed Instruction*

*Defendants Jake Ryan and Duane Ehmer are accused in count six of the indictment with Depredation of Government Property in violation of Title 18, United States Code, Section 1361. To this charge the defendants have entered a plea of not guilty. A plea of not guilty is a denial of each and every element of the accusation. You, the jury, are required to return a verdict of not guilty unless you find that the government has proved all of the following beyond a reasonable doubt:*

*(1) That the defendants willfully injured and committed a depredation against the Malheur National Wildlife Refuge. (2) That the defendants did not act in self-defense.*

*The defendants respond that they are not guilty of this crime for two reasons: first, that they believed the land they moved was not the lawful property of the United States government and that they therefore did not act in willful violation of the statute, and second, they were acting in self-defense.[1]*

---

[1] Defendants' proposed instructions incorporate defendants' theory of the case. Defendants are entitled to have these instructions given so long as it is supported by the law and has some foundation in the evidence. *United States v. Sarno*, 73 F.3d 1470, 1485 (9th Cir. 1995) (recognizing this principle as "settled law").

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

*As used in the statute, "willfully" means that the defendants acted with the intent to commit the crime and knowledge that their actions were illegal. If the defendants believed that the land they were moving was not the lawful property of the United States government, they did not act willfully. It is the government's burden to prove the willfulness of defendants' conduct beyond a reasonable doubt.*[2]

*As used in this statute, "injured" means that the property was damaged in some way.*

*As used in this statute, "depredation" means robbing, plundering, or laying to waste.*[3]

*If you conclude that the government has not proved any element of this accusation beyond a reasonable doubt, you must return a verdict of not guilty. No further deliberation is necessary.*

*If you conclude that the government has proved that the defendants willfully injured and committed a depredation against the Malheur National Wildlife Refuge, you must next consider whether the depredation was done in self-defense.*[4] *A person is entitled to act in self-defense when that person reasonably believes that their actions are necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person is only entitled to*

---

[2] Defendants' proposed instruction on willfulness is taken directly from *United States v. Moylan*, 417 F.2d 1002, 1004-1005 (4th Cir. 1969). The *Moylan* court's analysis of the issue was specifically approved by the Ninth Circuit in *United States v. Simpson*, 460 F.2d 515, 518 (9th Cir. 1972); *see also United States v. Salazar*, 455 F.3d 1022, 1024 (9th Cir. 2006) (again citing this definition with approval).

[3] Defendants' proposed definitions of "injury" and "depredation" are taken directly from *United States v. Jenkins*, 554 F.2d 783, 785-786 (6th Cir. 1977). To the best of counsel's knowledge, there are no Ninth Circuit cases defining these terms.

[4] Defendants' self-defense instructions are taken from Ninth Circuit pattern instruction 6.8. A defendant is entitled to a self-defense instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent or of doubtful credibility." *United States v. Sanchez- Lima,* 161 F.3d 545, 549 (9th Cir.1998).

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

take actions that appear reasonably necessary under the circumstances. The government must prove beyond a reasonable doubt that the defendants did not act in reasonable self-defense.

Therefore, in this case, if you conclude that the government has proved that the defendants willfully injured and committed a depredation against the Malheur National Wildlife Refuge, you must then consider whether the government has proved beyond a reasonable doubt that Jake Ryan and Duane Ehmer did not act in reasonable self-defense in committing that depredation. If you conclude that the government has not proved beyond a reasonable doubt that the defendants did not act in reasonable self-defense, you must return a verdict of not guilty. No further deliberation is necessary. If you conclude that the government has proved beyond a reasonable doubt that the defendants were not acting in self-defense, then you should find the defendants guilty of count six and move on to the question regarding damages.

The verdict form asks "Did the government prove damages in excess of $1000?" Damages are the dollar amount of loss to the government caused by the defendants for this particular crime. The government must prove the extent of damages beyond a reasonable doubt. Damages are only attributable to the defendants if they were reasonably foreseeable by the defendants at the time of their actions.[5] You should consider only this particular offense—using

---

[5] Defendants' proposed instructions on damages, that the damages must be "reasonably foreseeable" in order to elevate the crime from a misdemeanor to a felony, is an extrapolation of the logic of the Ninth Circuit in *United States v. Diaz*, 499 F.2d 113 (9th Cir. 1974). The instruction is designed to avoid a vagueness-as-applied problem. In *Diaz*, the court held that the criminal provisions of the Antiquities Act were unconstitutionally vague in violation of the Due Process Clause. "One must be able to know, with reasonable certainty, when he has happened on an area forbidden to his pick and shovel and what objects he must leave as he found them." 499 F.2d at 114. The court reasoned that, because it takes specialized knowledge to know whether a person is violating the statute or not, the statute is unconstitutionally vague. Similarly here, whether or not this particular place had archeological value is not a subject of common knowledge. Therefore, allowing the government to elevate the crime to a felony based on factors beyond common knowledge creates a due process vagueness problem.

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

*an excavator to dig a trench—in calculating the extent of damages. If you find that the government proved reasonably foreseeable damages in excess of $1000, you should answer the question "yes". If you find that the government did not prove reasonably foreseeable damages in excess of $1000, you should answer the question "no".*

### ii.      Government's Position

1. The government objects to the inclusion of *any* language regarding self-defense as improper.

2. The government objects to the inclusion of the all of the first and second paragraphs (except for the first sentence in paragraph two) on page 13 as a comments on the evidence.

3. The government objects to the sentence beginning "If you conclude…" it is unnecessary and addressed by the uniform instructions.

4. The government objects to the inclusion of the "reasonably foreseeable" language.

### B.      Misdemeanor Count One: Trespassing

### i.      Defendants' Proposed Instruction

*Defendants Jason Patrick, Duane Leo Ehmer, Dylan Andreson, Sean Anderson, Sandra Lynn Anderson, Darryl William Thorn, and Jake Ryan are charged in Count One of the Information with **Trespass** in violation of 50 CFR §§ 26.21.*

*In order for the Defendants to be found guilty of Count One, the Government must prove the following elements beyond a reasonable doubt:*

*That on or between January 2, 2016 and February 11, 2016, in the District of Oregon, the defendants*

*1. Knowingly entered, occupied, and/or used the Malheur National Wildlife Refuge, and*

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

2.  *The defendants knew that they were not authorized to do so.*

*A person acts "knowingly" if the person is aware of the act and does not act through ignorance, mistake or accident.  You may consider evidence of a Defendant's words, acts or omissions, along with all other evidence, in deciding whether a particular Defendant acted knowingly.*

### ii.    Government's Position

The government does not object to this instruction.

### C.    Misdemeanor Counts Two Through Five: Tampering With Vehicles and Equipment

### i.    Defendants' Proposed Instructions

*Defendant Jason Patrick is charged in Count Two of the Information with **Tampering with Government Vehicles or Equipment** in violation of 50 C.F.R. § 27.65.*

*In order for defendant Jason Patrick to be found guilty of Count Two, the Government must prove the following elements beyond a reasonable doubt:*

*That on or about January 27, 2016, in the District of Oregon, and while on the Malheur National Wildlife Refuge, Jason Patrick*

1.  *Knowingly entered and started a motor vehicle: To wit a Dodge Durango,*

2.  *Knowing that the vehicle was property of the United States Government,*

3.  *Knowing he was not authorized to do so, and*

4.  *Jason Patrick did not act in self-defense.*

*A person acts "knowingly" if the person is aware of the act and does not act through ignorance, mistake or accident.  You may consider evidence of a Defendant's words, acts or omissions, along with all other evidence, in deciding whether a particular Defendant acted knowingly.*

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

A person is entitled to act in self-defense when that person reasonably believes that their actions are necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person is only entitled to take actions that appear reasonably necessary under the circumstances. The government must prove beyond a reasonable doubt that Jason Patrick did not act in reasonable self defense.

Defendants Jake Ryan and Duane Leo Ehmer are charged in Count Three of the Information with **Tampering with Government Vehicles or Equipment** in violation of 50 C.F.R. § 27.65.

In order for defendants Jake Ryan and Duane Leo Ehmer to be found guilty of Count Three, the Government must prove the following elements beyond a reasonable doubt:

That on or about January 27, 2016, in the District of Oregon, and while on the Malheur National Wildlife Refuge, Jake Ryan and Duane Leo Ehmer,

1. Knowingly entered and started equipment : To wit, an excavator,

2. Knowing that the equipment was property of the United States Government,

3. Knowing they were not authorized to do so, and,

4. The defendants did not act in self-defense.

A person acts "knowingly" if the person is aware of the act and does not act through ignorance, mistake or accident.  You may consider evidence of a Defendant's words, acts or omissions, along with all other evidence, in deciding whether a particular Defendant acted knowingly.

A person is entitled to act in self-defense when that person reasonably believes that their actions are necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person is only entitled to take actions that appear reasonably necessary under

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

the circumstances. The government must prove beyond a reasonable doubt that the defendants did not act in reasonable self defense.

Defendant Darryl William Thorn is charged in Count Four of the Information with **Tampering with Government Vehicles or Equipment** in violation of 50 C.F.R. § 27.65.

In order for defendant Darryl William Thorn to be found guilty of Count Four, the Government must prove the following elements beyond a reasonable doubt:

That on or between January 2, 2016 and  January 27, 2016, in the District of Oregon, and while on the Malheur National Wildlife Refuge, Darryl William Thorn,

1. Knowingly entered and started a motor vehicle: To wit a front end loader,

2. Knowing that the vehicle was property of the United States Government,

3. Knowing he was not authorized to do so, and,

4. Darryl Thorn did not act in self defense.

A person acts "knowingly" if the person is aware of the act and does not act through ignorance, mistake or accident.  You may consider evidence of a Defendant's words, acts or omissions, along with all other evidence, in deciding whether a particular Defendant acted knowingly.

A person is entitled to act in self-defense when that person reasonably believes that their actions are necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person is only entitled to take actions that appear reasonably necessary under the circumstances. The government must prove beyond a reasonable doubt that Darryl Thorn did not act in reasonable self defense.

Defendant Darryl William Thorn is charged in Count Five of the Information with **Tampering with Government Vehicles or Equipment** in violation of 50 C.F.R. § 27.65.

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

*In order for defendant Darryl William Thorn to be found guilty of Count Five, the Government must prove the following elements beyond a reasonable doubt:*

*That on or between January 2, 2016 and  January 27, 2016, in the District of Oregon, and while on the Malheur National Wildlife Refuge, Darryl William Thorn,*

1. *Knowingly entered and started a motor vehicle: To wit an all terrain vehicle,*

2. *Knowing that the vehicle was property of the United States Government,*

3. *Knowing he was not authorized to do so, and,*

4. *Darryl Thorn did not act in self defense.*

*A person acts "knowingly" if the person is aware of the act and does not act through ignorance, mistake or accident.  You may consider evidence of a Defendant's words, acts or omissions, along with all other evidence, in deciding whether a particular Defendant acted knowingly.*

*A person is entitled to act in self-defense when that person reasonably believes that their actions are necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person is only entitled to take actions that appear reasonably necessary under the circumstances. The government must prove beyond a reasonable doubt that Darryl Thorn did not act in reasonable self defense.*

*To the Crime of Tampering With a Government Vehicle Defendants contend that they acted out of necessity. Necessity legally excuses the crime charged.*

*The defendant must prove necessity by a preponderance of the evidence. A preponderance of the evidence means that you must be persuaded that the things the defendant seeks to prove are more probably true than not true. This is a lesser burden of proof than the*

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

government's burden to prove beyond a reasonable doubt each element of Tampering with A Government Vehicle.

A defendant acts out of necessity only if at the time of the crime charged:

1. the defendant was faced with a choice of evils and chose the lesser evil;

2. the defendant acted to prevent imminent harm;

3. the defendant reasonably anticipated his conduct would prevent such harm; and

4. there were no other legal alternatives to violating the law.

If you find that each of these things has been proved by a preponderance of the evidence, you must find the defendant not guilty.

Defendants also contend that their conduct was justified. Justification legally excuses the crime charged.

The defendant must prove justification by a preponderance of the evidence. A preponderance of the evidence means that you must be persuaded that the things the defendant seeks to prove are more probably true than not true. This is a lesser burden of proof than the government's burden to prove beyond a reasonable doubt each element of Tampering with a Government Vehicle.

A defendant's conduct was justified only if at the time of the crime charged:

1. the defendant was under an unlawful and present threat of death or serious bodily injury;

2. the defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;

3. the defendant had no reasonable legal alternative; and

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

*4. there was a direct causal relationship between the conduct and avoiding the*

*threatened harm.*

*If you find that each of these things has been proved by a preponderance of the evidence,*

*you must find the defendant not guilty.*

### ii.    Government's Position

1.    The government objects to any reference/inclusion of self-defense.

2.    The government objects to any reference/inclusion of necessity.

3.    The government objects to any reference/inclusion of justification.

## D.    Misdemeanor Counts Six and Seven: Destruction and Removal of Property

### i.    Defendants' Proposed Instruction

*Defendant Jason Patrick is charged in Count Six of the Information with **Destruction and***

***Removal of Public Property** in violation of 50 CFR §27.61.*

*In order for defendant Jason Patrick to be found guilty of Count Six, the Government*

*must prove the following elements beyond a reasonable doubt:*

*That on or about January 11, 2016, in the District of Oregon, and while on the Malheur*

*National Wildlife Refuge, Jason Patrick*

1.    *Knowingly destroyed, injured, defaced, disturbed and removed public property: By*
    *cutting a barbed wire fence,*

2.    *Knowing that the fence was public property; and*

3.    *Knowing he was not authorized to do so.*

*A person acts "knowingly" if the person is aware of the act and does not act through*

*ignorance, mistake or accident.  You may consider evidence of a Defendant's words, acts or*

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

*omissions, along with all other evidence, in deciding whether a particular Defendant acted knowingly.*

*Defendant Duane Ehmer is charged in Count 7 of the Information with* **Removal of Property** *in violation of 50 CFR § 27.61.*

*In order for Defendant Duane Ehmer to be found guilty of Count Seven, the government must prove each of the following elements beyond a reasonable doubt:*

*That on or about January 27, 2016, in the District of Oregon, and while on the Malheur National Wildlife Refuge, Duane Leo Ehmer*

1. *Knowingly removed a maroon pouch from the Malheur National Wildlife Refuge;*

2. *Knowing that the maroon pouch contained items which belonged to the Friends of the Malheur National Wildlife Refuge and the United States Government; and*

3. *Knowing that he was unauthorized to do so.*

*A person acts "knowingly" if the person is aware of the act and does not act through ignorance, mistake or accident. You may consider evidence of a Defendant's words, acts or omissions, along with all other evidence, in deciding whether a particular Defendant acted knowingly.*

### ii.    *Government's Position*

The government does not object to these instructions.

## V.    Additional Matters That Need To Be Addressed

### A.    Juror Questionnaire

The Court indicated in an email to the parties that it intended to use the questionnaire from the first trial with the addition of only two questions to address prejudice related to the verdict in that trial. Defendants objected to the use of that questionnaire, and submitted to the

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

Court a questionnaire specifically developed for use in this trial. The defendants' objections and rationale for the use of the new questionnaire were explained in a prior joint status report filing. *See* Dkt. No. 1619. Defendants continue to object to the use of the first questionnaire, and request that the Court use the questionnaire developed for this trial for all of the reasons stated in that filing. Defendants understand and respect that the Court is not open to further argument on this issue and only ask that the two questionnaires be admitted into the record to preserve the issue for appeal.

### B.    Jury Management Order

The Court indicated in an email to the parties that it intended to craft a jury management order in the near future that would be the same in substance as the jury management order issued for the first trial. Not all defendants agree that juror anonymity or partial sequestration are necessary or appropriate for this trial. Those defendants who have objections will be prepared to argue them at the status hearing on January 6.

### C.    Trial Management

Defendants request a firm date be set for the beginning of their case-in-chief. In the first trial, the government estimated its case would take four weeks. In fact, the government's case took 5 days. Partially as a result of this, the defendants' case presentation in trial one was disorganized, with significant down time while the jury was waiting, which the Court repeatedly expressed dissatisfaction with on the record. The defendants in the second trial wish to avoid a repeat of this situation. The defense witnesses almost universally need to travel significant distances to testify, and at least one defense witness is in custody in another district. A firm start date would allow the defense to make the necessary arrangements to insure that their presentation is organized and efficient, saving money and time.

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

**DATED** this 4th day of January, 2017

By:     /s Jesse Merrithew                    /s Craig Gabriel_____
**Jesse Merrithew**, OSB No. 074564          **Craig Gabriel**, OSB No. 012571
Attorney for Jake Ryan                        Assistant United States Attorney
On behalf of all listed defendants            On behalf of plaintiff

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205