IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:16-cr-00051-BR |
| Plaintiff, | REDACTED JURY MANAGEMENT ORDER AND PROTECTIVE ORDER FOR TRIAL BEGINNING FEBRUARY 14, 2017 |
| v. | |
| JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, SANDRA LYNN ANDERSON, DARRYL WILLIAM THORN, and JAKE RYAN, | |
| Defendants. | |

BROWN, Judge.

This matter comes before the Court *sua sponte* on jury-management issues related to the trial set to begin on February 14, 2017. As of the date of this Order, the Defendants for this trial are Jason Patrick, Duane Leo Ehmer, Dylan Anderson, Sean Anderson, Sandra Lynn Anderson, Darryl William Thorn, and Jake Ryan.

The Court issued a Jury Management Order and Protective Order (#978) on August 3, 2016,[1] in which it set out the rulings

---

[1] Although the original Jury Management Order (#978) and Protective Order is sealed, the Court filed an unsealed, redacted Jury Management Order and Protective Order (#1529) on November 1,

1 -   REDACTED JURY MANAGEMENT ORDER AND PROTECTIVE ORDER FOR
      TRIAL BEGINNING FEBRUARY 14, 2017

as to juror anonymity, the process for in-court *voir dire*, and partial jury sequestration.

At the direction of the Court following the Status Hearing conducted January 6, 2017, the parties submitted a Joint Status Report (#1693) in which they jointly recommended the Court largely adhere to its Jury Management Order for the trial that began on September 7, 2016. After considering the parties' input and the record as a whole, the Court adheres generally to its original Jury Management and Protective Orders and directs they apply with equal force for the trial that is set to begin February 14, 2017, as follows:[2]

## I. Juror Anonymity and Protective Order

As with the trial that began September 7, 2016, the record in this case reflects there has been and continues to be extensive publicity and commentary in traditional and social media of the 41-day "occupation" events that give rise to the charges on which Defendants will be tried beginning February 14, 2017, and of all the proceedings since this case first was filed in early 2016. Such publicity and commentary continue to reflect strong opposing views concerning Defendants' alleged conduct and

---

2016. The Court also files this Order under seal together with a redacted version of this Order in the public record.

[2] The Court applies the same legal standards as it did in the Jury Management Order (#978) and Protective Order, and, accordingly, will not restate those standards herein.

2 -   REDACTED JURY MANAGEMENT ORDER AND PROTECTIVE ORDER FOR
      TRIAL BEGINNING FEBRUARY 14, 2017

the reasons Defendants may assert for protesting governmental action as well as the methods they may have chosen for doing so. See Order (#389) and Order (#884) Denying Motion for Change of Venue.  The Court also notes there have been several occasions during the pendency of this case when (1) pro-Defendant demonstrators have congregated at the public entrance in front of the Courthouse where the trial will take place, often on days when court was in session on this matter and (2) telephone, email, social media, and U.S. Mail messages have been received by the Court protesting Defendants' prosecution and at times threatening presiding judicial officers and those involved in the court process.[3]

Moreover, the Court notes that extensive publicity and commentary in traditional and social media has not subsided significantly since the end of the trial that began September 7, 2016, including strong opposing views in the community at large and among the supporters of the various parties with respect to the fact that Not Guilty verdicts were returned as to all Defendants in that trial.  Accordingly, the Court concludes its earlier findings with regard to juror anonymity apply with equal force to the upcoming trial to begin on February 14, 2017, as

---

[3] The Court does not have any information that suggests these communications have been directed by any Defendant or are otherwise attributable to any Defendant.

3 -   REDACTED JURY MANAGEMENT ORDER AND PROTECTIVE ORDER FOR
      TRIAL BEGINNING FEBRUARY 14, 2017

they did on September 7, 2016.

Based on 25 years of experience as a trial judge, this Court finds if jurors' names and personally-identifiable information are publicly disclosed, there is an unacceptable, continuous, and significant risk that jurors will be contacted or otherwise exposed to external information and influences about the case notwithstanding the Court's ongoing efforts to restrict their case-exposure only to admissible evidence, the parties' arguments to the jury, and the Court's controlling instructions of law.

The Court, therefore, concludes it is necessary to reaffirm the earlier Protective Order in this case as to the upcoming trial and thereby require partial juror anonymity to protect jurors from the possibility of contact by any media or members of the public. The Court finds good cause to prohibit the public disclosure of the names and personally-identifiable information of prospective and trial jurors for this trial. The Court also concludes it is equally important to Defendants' fundamental rights to permit the parties, their counsel, and their paralegals and/or investigators to have access to the identities of the prospective jurors and trial jurors subject to this Protective Order prohibiting disclosure of such information beyond the parties and their litigation teams (*i.e.*, the parties, counsel,

licensed investigators, and paralegals).[4]

The Court, therefore, enters this Protective Order absolutely prohibiting the parties and members of their litigation teams from disclosing outside of such litigation teams the names and personally-identifying information of prospective jurors and trial jurors. To the extent any third party obtains any information concerning the names and personally-identifying information of prospective jurors and trial jurors, that third party is also specifically prohibited from any dissemination of that information.

This Protective Order is in effect immediately and will remain in effect until further order of the Court.[5] Although individual jurors may choose after trial to comment on the case publicly or may otherwise choose to forfeit their anonymity, the parties, and those bound by this order, nevertheless, remain prohibited from publicly disclosing the identity of any juror until further order of the Court. Any person who violates this Protective Order is subject to sanctions, including for contempt.

---

[4] The Court emphasizes the basis of the need for juror anonymity does not arise from any factor that is specifically attributable to any Defendant.

[5] Oregonian Publishing Company, LLC, and Oregon Public Broadcasting have filed a Motion (#1581) to Intervene, to Modify Protective Order, and for Release of Jurors' Names in which they seek public disclosure of the names of the jurors that served during the trial that began September 7, 2016. That Motion remains pending.

5 -   REDACTED JURY MANAGEMENT ORDER AND PROTECTIVE ORDER FOR
      TRIAL BEGINNING FEBRUARY 14, 2017

## II. Procedure for Review of Juror Questionnaires and In-Person *Voir Dire*

The Court began the process of distributing summonses and Juror Questionnaires to the pool of approximately 1,000 prospective jurors on January 6, 2017. With the summonses, the prospective jurors also received instructions to complete and to return their Questionnaires no later than January 25, 2017.

As soon as possible after the Court receives a critical mass of the completed Juror Questionnaires, the Court will make such Questionnaires available to the parties for the parties' advance review and conferral regarding whether any potential jurors should be excused "for cause" from further participation in the jury-selection process. The Court directs the parties to hand-deliver to the Court a joint status report **no later than Noon, February 3, 2017,** in which the parties identify (1) the prospective jurors the parties agree should be excused for cause and (2) the prospective jurors that either the government or at least one Defendant believes should be excused for cause but at least one other party objects to excusing, together with a concise explanation of the parties' positions as to each disputed challenge.

On the first day of the Pretrial Conference on February 7, 2017, the Court will consider the parties' recommendations and challenges regarding the prospective jurors to excuse for cause

based only on their Questionnaire responses.  After the Court rules on the parties' requests to excuse certain prospective jurors for cause and pursuant to the parties' agreement, the Jury Administrator will order the remaining jurors randomly in the sequence they will be called to participate in live, in-court *voir dire* beginning on February 14, 2017, and, if seated, the order in which they will serve as trial jurors or alternate jurors.[6]  In addition, at this stage of the Pretrial Conference the Court will discuss with the parties and, if sufficient information is then available, settle the number and distribution of peremptory challenges.

As soon thereafter as practical, the Court will provide the parties with a list of prospective jurors in the sequential order in which they will be seated for in-court *voir dire*.  During the live *voir dire* process beginning February 14, 2017, and based on input from the parties, the Court will question the prospective jurors.  The Court will address jurors by the number that corresponds to the sequential order in which they are seated for in-court *voir dire*.  No one may address or identify any prospective juror by name, and, for the reasons already stated, the Court directs the parties to refer to prospective jurors

---

[6] The Court notes the parties have agreed that if an alternate juror must be seated as a trial juror, such alternate juror will be selected by lot from the then-available alternate jurors.

7 -   REDACTED JURY MANAGEMENT ORDER AND PROTECTIVE ORDER FOR
      TRIAL BEGINNING FEBRUARY 14, 2017

during in-court *voir dire* by their juror seat number and not to disclose the name of any juror or prospective juror during court proceedings.

As the parties have agreed, the Court intends to seat 12 trial jurors and 6 alternate jurors. As a result, *voir dire* will continue day-to-day until enough jurors are passed for cause to allow the seating of 18 jurors after peremptory challenges have been exercised.

On each day of *voir dire* the Court intends to call 25 prospective jurors for each of two separate in-court *voir dire* sessions in the morning and in the afternoon. The Court directs the parties to provide the Clerk (no later than Noon on the day before a specific group of prospective jurors is scheduled for *voir dire*) a single, joint document with the juror-specific questions that the parties request the Court to ask during in-court *voir dire* (*e.g.*, questions for prospective jurors on the first day of *voir dire* are due no later than Noon on February 13, 2017, and questions for jurors on the second day of *voir dire* are due by Noon on February 14, 2017).

### III. Partial Jury Sequestration

For the reasons already specified herein and in the August 3, 2016, Jury Management Order and Protective Order, this Court concludes it is necessary to require a partial sequestration of

the 12 trial jurors and 6 alternate jurors whereby **[REDACTED]**. As noted, there have been periodic gatherings of nonparties interested in the case outside of the public entrance to the Courthouse through which jurors would normally enter and leave. Although these demonstrations to date have been without incident, they, nonetheless, present the potential to influence jurors with information external to the trial and to impair jurors' ability to be impartial and to decide the case solely on the evidence presented in court and on the Court's instructions as to the law. Moreover, because some threats have been made against judicial officers presiding over these proceedings, it is necessary to protect jurors from the risk of similar inappropriate conduct.

Accordingly, on this record the Court concludes a partial sequestration of the jury is necessary as specified herein to protect jurors from external influences that could impair their ability to be impartial and to ensure jurors' security throughout their service.

IT IS SO ORDERED.

DATED this 13th day of January, 2017.

_____
ANNA J. BROWN
United States District Judge