IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:16-cr-00051-BR |
| Plaintiff, | ORDER FOLLOWING FINAL PRETRIAL CONFERENCE |
| v. | |
| JASON PATRICK, DUANE LEO EHMER, DARRYL WILLIAM THORN, and JAKE RYAN, | |
| Defendants. | |

BROWN, Judge.

On February 7 and 8, 2017, the Court conducted a Final Pretrial Conference with the parties.  The Court issues this order to confirm the rulings at the Pretrial Conference:

### NUMBER OF ALTERNATE JURORS AND PEREMPTORY CHALLENGES

The number of Defendants going to trial beginning February 14, 2017, is now four.  As a result, the Court reconsidered with the parties the number of alternate jurors to seat.  Although the Court previously planned to seat six alternate jurors (*see* Jury Management Order (#1709) issued January 13, 2017, at 8), based on the parties' agreement, the

1 -  ORDER FOLLOWING PRETRIAL CONFERENCE

parties' updated trial-time estimates, and the Court's own assessment of need, the Court now intends to seat four alternate jurors in addition to the 12 trial jurors.

At the Pretrial Conference the parties jointly recommended the Court allocate 15 peremptory challenges to Defendants collectively for the 12 trial jurors and 9 peremptory challenges for the government for the 12 trial jurors.  The parties also jointly recommended each side (Defendants collectively and the government) to be allocated two additional peremptory challenges for alternate jurors.

The Court finds the parties' joint recommendations to be reasonable, and, in the exercise of its discretion pursuant to Federal Rule of Criminal Procedure 24, allocates 15 peremptory challenges to Defendants collectively for trial jurors and 9 peremptory challenges to the government for trial jurors.  In addition, the Court allocates two peremptory challenges each to Defendants collectively and to the government for alternate jurors.

### DEFENDANTS' MOTION (#1683) TO EXCLUDE EVIDENCE OF ARCHAEOLOGICAL DAMAGE

Defendants move to exclude evidence regarding the following subjects:

> a) that particular areas of the Malheur National Wildlife Refuge ("MNWR") were archeologically significant sites; b) that any of defendants actions

2 -  ORDER FOLLOWING PRETRIAL CONFERENCE

threatened the integrity of those sites; c) that the use of heavy equipment to move dirt had some impact on the archeological value of any site; d) that any artifacts were damaged as a result of the use of heavy equipment; or e) that the government chose to conduct an archeological exploration of the dirt moved by heavy equipment, and the cost to the government of that choice.

Defs.' Mot. (#1683) at 1-2.  The government, on the other hand, responds that some such evidence is relevant to demonstrating the value of the damage caused by the conduct charged in the Depredation of Government Property counts.[1]

At the Pretrial Conference the parties represented they have reached a stipulation that renders moot the government's need to provide evidence of the value element of the Depredation of Government Property counts, and, therefore, Defendants' Motion is moot.

Accordingly, on this record the Court **DENIES as moot** Defendants' Motion (#1683) to Exclude Evidence of Archaeological Damage.  The Court directs counsel for the government and for Defendants Duane Leo Ehmer and Jake Ryan to file their stipulations as to this issue **no later than Noon, Monday, February 13, 2017.**

---

[1] The government also stated some limited evidence concerning the archaeological aspects of the MNWR is necessary to explain the job duties of Carla Burnside, an MNWR employee, as well as to explain the presence and storage of archaeological artifacts that are stored at the MNWR.  Defendants do not object to such limited evidence.

3 - ORDER FOLLOWING PRETRIAL CONFERENCE

## DEFENDANTS' MOTION (#1776) *IN LIMINE* TO EXCLUDE EVIDENCE NOT ATTRIBUTED TO A SPECIFIC ALLEGED CO-CONSPIRATOR

At the Pretrial Conference the Court considered with the parties Defendants' Motion (#1776) *in Limine* to Exclude Evidence Not Attributed to a Specific Alleged Co-Conspirator. The general groups of evidence discussed at the Pretrial Conference were (1) firearms found on the MNWR after the occupation ended; (2) a safe, filing cabinet, and door that the government alleges were damaged by co-conspirators; and (3) photographs of the MNWR after the occupation that show a general state of disarray. Although the Court agrees with the government in general that evidence need not be attributable to a specific co-conspirator to be admissible, the government, nevertheless, must have a sufficient basis to connect each piece of evidence within the scope of this Motion to a co-conspirator in order to introduce that evidence at trial.

At the Pretrial Conference, therefore, the Court directed the government to make a written proffer to Defendants that specifically identifies each piece of evidence in the above categories that the government intends to introduce at trial and that sets out the asserted connection to or between a co-conspirator and each piece of such evidence. On February 10, 2017, the government provided that written proffer to Defendants. Accordingly, the Court leaves Defendants' Motion (#1776) pending in order to allow updated conferral between the parties following

4 - ORDER FOLLOWING PRETRIAL CONFERENCE

the government's proffer.  Defendants should notify the Court
promptly if any pretrial disputes remain after such conferral.

The Court will consider exhibit-specific objections on this
basis as necessary during trial.

## DEFENDANTS' MOTION (#1778) *IN LIMINE*:  STATEMENTS OF ACQUITTED DEFENDANTS OFFERED AS CO-CONSPIRATOR STATEMENTS

Defendants move to preclude the government from offering the
statements of Defendants who were acquitted following the trial
that began on September 7, 2016, as statements of alleged co-
conspirators.  Defendants contend as a result of the Not Guilty
Verdicts on Count One after the September 7, 2016, trial, those
Defendants cannot be considered "co-conspirators," and,
therefore, their statements in furtherance of an alleged
conspiracy are not admissible against other Defendants under
Federal Rule of Evidence 801(d)(2)(E).

"Under Rule 801(d)(2)(E), the statement of a co-conspirator
is admissible against the defendant if the government shows by a
preponderance of the evidence that a conspiracy existed at the
time the statement was made; the defendant had knowledge of, and
participated in, the conspiracy; and the statement was made in
furtherance of the conspiracy."  *United States v. Bowman*, 215
F.3d 951, 960-61 (9th Cir. 2000).  Because the evidentiary
standard for admission of a co-conspirator statement
(preponderance of the evidence) is substantially lower than that

5 -   ORDER FOLLOWING PRETRIAL CONFERENCE

which is necessary to convict a defendant on a conspiracy charge
(beyond a reasonable doubt), a prior acquittal of an alleged co-
conspirator in relation to the same alleged conspiracy does not
necessarily preclude admission under Rule 801(d)(2)(E) of the
acquitted co-conspirator's statements at a subsequent trial.   *See*
*United States v. Peralta*, 941 F.2d 1003, 1007 (9th Cir. 1991).

Based on the extensive record of these proceedings to date,
the Court concludes the government has carried its initial burden
under Rule 801(d)(2)(E) of demonstrating that the Count One
conspiracy existed and Defendants at the trial that began on
September 7, 2016, (Ammon Bundy, Ryan Bundy, Shawna Cox, David
Lee Fry, Neil Wampler, Jeff Wayne Banta, and Kenneth Medenbach)
each were co-conspirators and made statements in furtherance of
such conspiracy.   *See Bowman*, 215 F.3d at 960-61.   The record,
however, is insufficient to determine whether specific statements
of Defendants in the September 7, 2016, trial are admissible
under Rule 801(d)(2)(E) because the specific statements that the
government seeks to introduce under Rule 801(d)(2)(E) are not
before the Court.   The Court, therefore, cannot determine whether
such specific statements were made in furtherance of the
conspiracy.

Accordingly, on this record the Court **DENIES** Defendants'
Motion (#1778) *in Limine*:   Statements of Acquitted Defendants
Offered as Co-conspirator Statements with leave to renew by way

of objection to the specific statements during trial on the basis
that the challenged statement was not made in furtherance of the
conspiracy.

## GOVERNMENT'S MOTION (#1782) *IN LIMINE* TO ALLOW EVIDENCE OF EMPLOYEE MINDSET

The government moves the Court to reconsider its Order
related to the September 7, 2016, trial limiting the extent to
which employees of the MNWR could testify regarding their
subjective reactions to the actions of the occupiers. *See* Order
(#1171) re: Final Pretrial Conference, at 3-4 (issued Sept. 1,
2016). The government contends such evidence is relevant "(1) as
circumstantial evidence of defendants' intent to impede the
employees; and (2) to rebut defendants' claims that the employees
were in fact welcome to return to work, when no objectively
reasonable person would have shared that belief given the
circumstances." Gov't Mot. (#1782) at 2.

As the parties agreed before the September 7, 2016, trial,
the Court limited evidence of MNWR employees' subjective
reactions to the occupation to evidence was relevant to "the
closure of the MNWR and the reasons for that closure." Order
(#1171) re: Final Pretrial Conference at 3. The Court concluded
such "limited evidence" was "admissible as relevant,
circumstantial evidence of the Defendants' intent to impede by
force, intimidation, or threat and as relevant to the

7 - ORDER FOLLOWING PRETRIAL CONFERENCE

government's burden to demonstrate that any threats or
intimidation that Defendants may have agreed to employ in
furtherance of the alleged conspiracy to impede the MNWR
employees were such that a reasonable person observing them would
interpret them as serious expressions of intent to harm." *Id.*
The Court, however, excluded "the subjective impressions of MNWR
employees to the extent such impressions were not directly
related to the closure of the MNWR unless and until a Defendant
puts such subjective impressions of the MNWR employees at issue."
*Id.* at 3-4. In particular, the Court noted the government did
not offer any other rationale for the relevance of such evidence.

The Court concludes the government's current arguments do
not provide a basis to reconsider the Court's previous Order.
When unmoored from the decision to close the MNWR, testimony of
the subjective reactions of MNWR employees to the occupation of
the MNWR is of questionable relevance to any issue in the
government's case-in-chief and, in any event, would present a
considerable risk of confusing the issues in violation of Rule
403. As in the trial that began September 7, 2016, however, such
evidence may be admissible in the event a Defendant opens the
door by putting such subjective impressions at issue. That may
happen, for example, if Defendants present evidence from which
they could argue that the MNWR employees were, in fact, welcome
to return to work or that the reason the employees did not return

to work at the MNWR was only because the employees' supervisors
closed the MNWR.

Accordingly, on this record the Court **ADHERES** to its ruling
in the Order (#1171) re: Final Pretrial Conference and **DENIES** the
government's Motion (#1782) *in Limine* to Allow Evidence of
Employee Mindset.

### GOVERNMENT'S MOTION (#1783) *IN LIMINE* TO EXCLUDE IMPROPER EVIDENCE

In its Motion (#1783) *in Limine* to Exclude Improper Evidence
the government seeks "an order from this Court instructing
counsel for defendants [to refrain] from asking irrelevant,
improper questions or making improper argument in the presence of
the jury." Gov't Mot. (#1783) at 2. The government filed this
Motion in response to numerous instances at the trial that began
September 7, 2016, in which Defendants repeatedly made improper
arguments to the jury or asked questions to which the Court had
previously sustained objections. As a result, the government
contends numerous improper and irrelevant issues were brought up
in the presence of the jury and the government was forced to
object "over one thousand times," the majority of which were
sustained by the Court. *Id.* at 2.

The Court generally agrees with the government's
observations in this Motion about the trial that began

September 7, 2016, and also agrees that such actions disrupted the orderly presentation of evidence and arguments during that trial. Nonetheless, the Court notes four different Defendants (with different counsel) are before the Court for trial beginning February 14, 2017, and there is not any indication that such tactics will recur.

The Court, therefore, **GRANTS** the government's Motion insofar as the Court will sustain objections to and otherwise address as necessary any such tactics in the upcoming trial, but, based on the record currently before the Court, the Court does not find it is necessary to take any preemptive action.

IT IS SO ORDERED.

DATED this 10th day of February, 2017.

ANNA J. BROWN
United States District Judge