IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:16-cr-00051-BR |
| Plaintiff, | ORDER DISMISSING IN PART AMENDED PETITION FOR ANCILLARY PROCEEDING TO RECOVER PROPERTY |
| v. | |
| AMMON BUNDY, et al., | |
| Defendants, | |
| JEANETTE FINICUM, | |
| Petitioner. | |

BROWN, Senior Judge.

This matter comes before the Court on Respondent Jeanette Finicum's Amended Petition (#2444) for Ancillary Proceeding to Recover Property in which Jeanette Finicum claims an interest in two firearms (an Aldo Uberti .45 caliber rifle, model 1982, serial number T1490 and a Rossi .38 caliber revolver) that Jeanette Finicum asserts belonged to her late-husband, Robert LaVoy Finicum.

On December 4, 2017, Jeanette Finicum filed her original Petition (#2370) for Ancillary Proceeding to Recover Property in

1 -   ORDER DISMISSING IN PART AMENDED PETITION FOR ANCILLARY
      PROCEEDING TO RECOVER PROPERTY

which she claimed an interest in the Rossi .38 caliber revolver and a Rossi lever-action rifle, model 92, serial number SK124443. Together with her original Petition Jeanette Finicum submitted two photographs of LaVoy Finicum holding a rifle in a scabbard during the occupation of the Malheur National Wildlife Refuge (MNWR).

The government filed a Response (#2386) to Jeanette Finicum's Petition together with a Declaration (#2387) of Federal Bureau of Investigation Special Agent (SA) Travis Welter in which SA Welter indicated the Rossi lever-action rifle was registered to another individual who was part of the occupation of the MNWR, and that the rifle did not have any connection to LaVoy Finicum.

Instead of a reply memorandum, Jeanette Finicum filed an Amended Petition (#2444) on January 29, 2018, in which she abandoned her claim to the Rossi lever-action rifle, added a claim to the Aldo Uberti .45 caliber rifle, and reiterated her claim to the Rossi .38 caliber revolver. Because Jeanette Finicum's Amended Petition superseded her original Petition (#2370), the Court denied Jeanette Finicum's original Petition as moot on February 27, 2018, and directed the government to file a response to Jeanette Finicum's Amended Petition. The government filed its Response (#2592) on March 13, 2018, together with another Declaration (#2593) from SA Welter. Jeanette Finicum filed a Reply (#2604) on April 2, 2018, together with a

2 -   ORDER DISMISSING IN PART AMENDED PETITION FOR ANCILLARY
      PROCEEDING TO RECOVER PROPERTY

photograph of LaVoy Finicum taken in the 1990s in which he is holding a rifle that Jeanette Finicum states is the Aldo Uberti .45 caliber rifle currently subject to forfeiture.

21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c) govern third-party claims to property subject to forfeiture in a criminal case.  When a third party files a petition contesting the forfeiture of property after a criminal conviction, that individual is entitled to an ancillary proceeding to determine whether the claim should be granted.  *See* 21 U.S.C. § 853(n)(2); Fed. R. Crim. P. 32.2(c)(1).  In order to prevail in such proceedings, the petitioner must prove by a preponderance of the evidence that she (1) "has a legal right, title, or interest in the property" that renders the order of forfeiture invalid because the petitioner's interest in the property was greater than that of any defendant or (2) was a "*bona fide* purchaser for value."  21 U.S.C. § 853(n)(6).

Before the court conducts a hearing on any such petition, the government may move to dismiss for lack of standing or for failure to state a claim. Fed. R. Crim. P. 32.2(c)(1)(A).  In adjudicating any such motion, however, the court must assume the facts set out in the petition to be true.  *Id.*  If the court denies such a motion to dismiss the court may order discovery in accordance with the Federal Rules of Civil Procedure if "necessary or desirable to resolve factual issues."  Fed. R.

3 -   ORDER DISMISSING IN PART AMENDED PETITION FOR ANCILLARY
      PROCEEDING TO RECOVER PROPERTY

Crim. P. 32.2(c)(1)(B).

In its Responses (#2386, #2592) to Jeanette Finicum's Petition and Amended Petition, the government contends this Court should deny Jeanette Finicum's Petition on the basis that (1) the Rossi .38 caliber revolver is not among those firearms to be forfeited in this proceeding, but instead is included in those firearms that the government seeks to forfeit in a separate civil-forfeiture proceeding (*United States v. 50 Firearms*, No. 3:16-cv-01057-MA) and (2) Jeanette Finicum fails to meet her burden to prove that she has a sufficient legal right, title, or interest in the Aldo Uberti .45 caliber rifle under 21 U.S.C. § 853(n)(6)(A).[1]

The government is correct that Jeanette Finicum filed her claim to the Rossi .38 caliber revolver in the wrong case. Although the government does not seek to forfeit that firearm in this criminal case, it does seek to forfeit that firearm civilly in *United States v. 50 Firearms*, No. 3:16-cv-01057-MA. See Compl. (#1), Ex. A at 13. Accordingly, Jeanette Finicum must address her claim for the Rossi .38 caliber revolver in that proceeding. In order to facilitate the filing of her Petition as to the Rossi .38 caliber revolver in that proceeding, the Court directs the Clerk to file Jeanette Finicum's Amended Petition

---

[1] Jeanette Finicum does not assert she is a *bona fide* purchaser for value under 21 U.S.C. § 853(n)(6)(B).

4 -  ORDER DISMISSING IN PART AMENDED PETITION FOR ANCILLARY PROCEEDING TO RECOVER PROPERTY

(#2444) on the record in *United States v. 50 Firearms*, No. 3:16-cv-01057-MA, together with an explanation for the record that the Petition is filed in that case only as to the Rossi .38 caliber revolver pursuant to this Order.

Accordingly, on this record the Court **DISMISSES in part** Jeanette Finicum's Petition in this case as to the Rossi .38 caliber revolver without prejudice to Jeanette Finicum's right to pursue her claim in *United States v. 50 Firearms*, No. 3:16-cv-01057-MA.

With respect to the Aldo Uberti .45 caliber rifle, Jeanette Finicum characterizes her interest in that firearm as follows:

> 8.  Based on the Response and Declaration filed in this case, my personal knowledge, and information shared with me from other knowledgeable people, I declare that this rifle belonged to my husband, LaVoy. I attached to the Original Petition a few photos that I recognize and understand to have been taken of La Voy while he was holding or carrying the rifle (in its scabbard, as he usually carried it) in the January 2016 time period, while LaVoy was at the Malheur Refuge located in Harney County, Oregon. These photos and others showing LaVoy with the rifle and scabbard are also available online.
>
> 9.  As the representative of Lavoy's Estate, I request that this rifle, with its scabbard and any other accessories be returned to me.

Am. Pet. (#2444) ¶¶ 8-9. Jeanette Finicum attached to her original Petition (#2370) two photographs that depict LaVoy Finicum carrying or holding a rifle. In addition, Jeanette Finicum attached to her Reply in support of her Amended Petition

5 -   ORDER DISMISSING IN PART AMENDED PETITION FOR ANCILLARY PROCEEDING TO RECOVER PROPERTY

an old photograph of LaVoy Finicum holding a rifle. Although the rifle(s) depicted in all three photographs may be the same, few distinguishing features are sufficiently visible to make any such determination from the photographs alone.

As noted, however, the Court is required at this stage of the proceedings to accept Jeanette Finicum's allegations as true. Accordingly, Jeanette Finicum's allegations that she is the representative of LaVoy Finicum's estate, and that she knows the Aldo Uberti rifle belonged to LaVoy Finicum based on her personal knowledge and the knowledge of others is sufficient to confer standing and to state a claim under § 853(n)(6)(A) at this early stage of the proceedings.

According to the government, however, the Aldo Uberti .45 caliber rifle was found in the possession of Duane Ehmer (another individual who occupied the MNWR), could not be traced to any registered owner because the rifle does not carry an "importer stamp," and is not sufficiently clearly visible in any photographs of LaVoy Finicum to conclude it is a firearm that he owned. In addition, Jeanette Finicum's representation that she has personal knowledge of LaVoy Finicum's ownership of the Aldo Uberti .45 caliber rifle may be undermined to some extent by her earlier, but inaccurate, representation that she knows LaVoy Finicum owned the Rossi lever-action rifle which, as noted, was owned by someone else. Although these facts may impact whether

Jeanette Finicum ultimately establishes her claim by a preponderance of the evidence, her Amended Petition cannot be resolved on the record at this stage of the proceedings. Thus, it is clear that discovery between the parties is necessary before the Court can proceed to consider and decide the merits of the disputed Amended Petition. See Fed. R. Crim. P. 32.2(c)(1)(B).

Accordingly, on this record, the Court declines to dismiss that portion of Jeanette Finicum's Amended Petition in which she asserts a claim to the Aldo Uberti .45 caliber rifle.

The Court directs the parties to confer and to file **no later than April 18, 2018,** a single, joint status report in which the parties set out a proposed case-management plan for any necessary discovery, a proposed deadline for any post-discovery dispositive motions, and a proposed date for any necessary contested hearing regarding Jeanette Finicum's Amended Petition. Upon receipt of that Joint Status Report, the Court will schedule a telephone case-management conference with the parties.

IT IS SO ORDERED.

DATED this 5th day of April, 2018.

_____
ANNA J. BROWN
United States Senior District Judge

7 -  ORDER DISMISSING IN PART AMENDED PETITION FOR ANCILLARY
     PROCEEDING TO RECOVER PROPERTY